Art. 576, Vernon's Ann.C.C.P., relied upon by appellant, provides:

"When a defendant has been detained in custody or held to bail for his appearance to answer any criminal accusation before the district court, the prosecution, unless otherwise ordered by the court, for good cause shown, supported by affidavit, shall be dismissed and the bail discharged, if indictment or information be not presented against such defendant at the next term of the court which is held after his commitment or admission to bail."

The statute relates to the dismissal of a prosecution in the event a grand jury has met and been discharged without indicting. Ex parte Oakley, 54 Tex.Cr.R. 608, 114 S.W. 131.

Appellant says that since terms of court are now generally of long duration and continue until another term begins, the provisions of the statute should be applied where the grand jury has been permitted to recess to a later day in the term, as for instance, 90 days later as in his case.

We need not pass upon this contention for the record shows that on the day of the hearing of appellant's application for release and dismissal, the State filed affidavit such as is contemplated in Art. 576, Vernon's Ann.C.C.P. showing good cause why the prosecution should not be dismissed, and the district judge entered order that it not be dismissed.

The judgment denying appellant's plea for discharge from custody is affirmed.

J. E. ALEXANDER, Appellant,

v.

FIREMEN'S INSURANCE COMPANY, Appellee.

No. 3584.

Court of Civil Appeals of Texas.

Waco.

Oct. 23, 1958.

Andrew Campbell, Hamilton, for appellant.

Truman E. Roberts, Hamilton, Thompson, Coe & Cousins, Dallas, for appellee.

McDONALD, Chief Justice.

Plaintiff brought this suit against defendant upon a Texas Standard Fire and Extended Coverage Insurance Policy covering a lumber warehouse located in Hico, Texas. Plaintiff alleged that on 17 November 1956, during the effective term of the policy, a jet aircraft approached and passed (the area in which his property was located), flying at low altitude and at supersonic speeds; that such aircraft created a violent pressure disturbance and propelled shock waves or compression waves from such aircraft onto and against his building; that the force and pressure of such air disturbance, created by the aircraft, unseated the girders beneath the building and capsized it; that the policy of insurance issued to him by defendant Insurance Company provided for insurance occasioned by aircraft or by explosion; that damage to the building was proximately caused by the aircraft and the explosion resulting therefrom, and that his damage exceeded $3,000, the face amount of the policy. Defendant Insurance Company by answer plead a general denial, and further that the language concerning aircraft coverage provides for coverage only from falling aircraft and objects falling therefrom, and that a sonic boom was not an explosion.

Trial was to a jury. At the close of plaintiff's main evidence the Trial Court, upon defendant's motion, withdrew all issues from the jury, found that: 1) there was no proof that the sonic boom was an explosion, and that 2) the insurance policy aircraft coverage provisions did not cover the loss complained of; and rendered judgment that plaintiff take nothing.

Plaintiff appeals, contending: The Trial Court erred in holding as a matter of law 1) that plaintiff's loss and damage were not within the insured perils of the policy covering loss by aircraft; 2) that plaintiff's loss was not within the insured perils of the policy covering loss by explosion; 3) the trial court erred in withdrawing all issues from consideration of the jury and rendering judgment for defendant.

The applicable provisions of the insurance policy issued to plaintiff by the defendant Insurance Company are:

Section III. *Specific Coverage Conditions*: Provides that insurance provided under the Extended Coverage provisions shall include direct loss by windstorm, hurricane, hail, *explosion*, riot, civil commotion, smoke, *aircraft* and land vehicles.

" * * * Conditions Applicable Only to Damage by *Aircraft* and Land Vehicles: *Loss by aircraft shall include direct loss by falling aircraft, or objects falling therefrom*, but this Company shall not be liable for loss caused by any vehicle or aircraft (except falling aircraft) owned or operated by the insured, or by any tenant of the described premises, or by any agent, employee, or member of the household of either."

The record reflects that plaintiff's building was constructed in 1954 of frame and metal, that it was well constructed and there was no visible evidence that it was unsafe or had deteriorated in any manner prior to the loss; that it was used as a warehouse for storing lumber; that it had a capacity of seven or eight boxcars of lumber and had been filled to capacity several times; that on 17 November 1956 it had 2½ or 3 boxcars of lumber stored therein; that on such date a terrific blast or sonic boom occurred over Hico (the loudest ever heard by one witness); that the plaintiff's building immediately thereafter collapsed and was extensively damaged. It is common knowlege that when an airplane exceeds the speed of sound that a report is heard which is commonly called a sonic boom, and that some concussion or air pressure accompanies the sound.

The Trial Court held that the aircraft coverage provisions of the policy did not cover the loss plaintiff complained of. Analyzing the aircraft coverage provisions of the policy we observe that *the insurance provided under the extended coverage provisions shall include loss by aircraft.* Thereafter the policy further provides:

"*Conditions applicable only to damage by aircraft * * * Loss by aircraft shall include direct loss by falling aircraft, or objects falling therefrom * * *"*

Defendant Insurance Company in its brief contends that the conditions applicable to damage by aircraft, supra, wherein it is provided that loss by aircraft *shall include* falling aircraft, etc., by giving expression of one or more coverages by aircraft, as a matter of law, excludes all other losses caused by aircraft. And so the question before us for determination simply is, what is the true construction of the aircraft coverage provision set out supra. The policy first provides that loss caused by aircraft is covered; and then says loss by aircraft shall *include* loss by falling aircraft or objects falling therefrom. We think the construction of this portion of the policy turns on what is meant by the words *"shall include."*

Our courts have passed on this before. In Peerless Carbon Black Co. v. Sheppard, Tex.Civ.App.1938, 113 S.W.2d 996, 997, W/E Ref., the court said:

"The words 'includes' and 'including' are regarded by the authorities as being identical or equivalent to each other; and the authorities uniformly hold that unless the context in which such words are used requires, they are never regarded as being identical with or equivalent to '*mean and include*,' nor with such less elastic words and terms as '*meant*,' '*meaning*,' or '*by which is meant*.' * * * '["*Include*"] is generally employed as a term of enlargement and not a term of limitation, or of enumeration.'"

In Houston Bank & Trust Co. v. Lansdowne, 'Tex.Civ.App., 201 S.W.2d 834, W/E Ref. N. R. E. the court holds that the words *"include"* and *"including"* are identical or equivalent to each other, and are generally employed as terms of enlargement and not as terms of limitation or enumeration.

In El Paso Electric Co. v. Safeway Stores, Tex.Civ.App., 257 S.W.2d 502, 506, W/E Ref. N. R. E. the court says:

"The words 'including' and 'includes' have been said in their generally accepted use to be terms of enlargement and not of limitation."

42 C.J.S. page 526, says that *"include"* is not ordinarily a word of limitation, but rather of enlargement. In Achelis v. Musgrove, 212 Ala. 47, 101 So. 670, the Supreme Court of Alabama says that the word *"include"* is not a word of limitation, rather it is a word of enlargement, and in ordinary signification implies that something else has been given beyond the general language which precedes it. To the same effect is: Heffner v. Ketchen, 50 Idaho 435, 296 P. 768; see cases collated Vol. 20, Words and Phrases, Include, p. 443 et seq. and Pocket Part.

■ From the foregoing it follows that the aircraft coverage provision of the policy is not limited to loss by falling aircraft, or objects falling therefrom. The terms *"shall include"*, being words of enlargement and not of limitation, by their use in the instant policy, do not restrict the coverage to loss by falling aircraft or objects falling therefrom. Since plaintiff alleged a loss occasioned by aircraft, he is entitled to recover if he can prove that he has a loss which was proximately caused by aircraft. In our view the loss complained of was covered by the instant policy provision.

■ Plaintiff contends that his loss is further covered by the *"Explosion"* coverage of his policy. His allegation and proof were to the effect that a sonic boom caused by an airplane proximately caused his damage and loss. Defendant denied that a sonic boom was an explosion. The Trial Court found that the plaintiff tendered no proof that a sonic boom was an explosion. Plaintiff contends that the court can take judicial knowledge of scientific phenomenon and that a sonic boom is an explosion. It is true that the doctrine of judicial notice is applied to scientific facts and principles as are generally recognized and ought to be known by men of ordinary understanding and intelligence. English v. Miller, Tex.Civ.App., 43 S.W.2d 642, W/E Ref.; McCormick & Ray on Evidence, Sec. 202. Here, however, the Trial Court refused to take judicial notice of what a sonic boom is, or if it is an explosion, presumably because he did not know such to be a fact; and this court cannot take judicial knowledge of such, for the same reason. For such reason proof was necessary that a sonic boom is an explosion and it was plaintiff's burden to adduce such proof. Failing to do so, he cannot now complain of the Trial Court's ruling in this regard. It may be that a sonic boom is an explosion. Indeed, an article in the March 1958 American Bar Association Journal at p. 216 (Vol. 44, No. 3), cited to this court in defendant's brief, asserts that a sonic boom is an explosion, and it may be that in future times our courts can take judicial knowledge of such fact. See Sec. 211, McCormick & Ray on Evidence. As of this date, however, this court (nor the Trial Court which preceded us) has not the requisite "verifiable certainty" to take judicial knowledge of such matter.

It follows that plaintiff's contentions 1 and 3 are sustained, and contention 2 is overruled.

■ Defendant contends that there was no evidence or insufficient evidence to sustain a finding that the loss was proximately caused by the sonic boom, and for these additional reasons the Trial Court's judgment should be affirmed. We have carefully reviewed the record before us and conclude that the evidence is ample to sustain a finding that plaintiff's loss was proximately caused by the sonic boom created by the aircraft, should a jury so find.

The judgment of the Trial Court is reversed and remanded.

HALE, J., not participating.