**FIREMEN'S INSURANCE CO., Appellant,**

v.

**J. E. ALEXANDER, Appellee.**

No. 3660.

Court of Civil Appeals of Texas.

Waco.

Oct. 1, 1959.

Rehearing Denied Nov. 5, 1959.

Thompson, Coe & Cousins, Dallas, Truman Roberts, Hamilton, for appellant.

Andrew Campbell, Hamilton, for appellee.

McDONALD, Chief Justice.

This is the second appeal of this case. See Alexander v. Firemen's Ins. Co., Tex.

Civ.App., 317 S.W.2d 752 (no writ hist.) Plaintiff sued defendant on a Texas Standard Fire and Extended Coverage Insurance Policy covering a lumber warehouse located in Hico, Texas. Plaintiff alleged that on November 17, 1956, during the effective term of the policy, a jet aircraft approached and passed (the area in which his property was located), flying at low altitude and at supersonic speeds; that such aircraft created a violent pressure disturbance and propelled shock waves or compression waves from such aircraft onto and against his building; that the force and pressure of such air disturbance, created by the aircraft, unseated the girders beneath the building and capsized it; that the policy of insurance issued to him by defendant Insurance Company insured against damage occasioned by *aircraft* or by *explosion*; that damage to the building was proximately caused by the aircraft and the explosion resulting therefrom, and that his damage exceeded $3000, the face amount of the policy. Defendant Insurance Company plead a general denial, and further that the language concerning aircraft covered provides for coverage only from falling aircraft or objects falling therefrom, and that a sonic boom was not an explosion.

Trial was to a jury. The jury found in answer to Special Issues:

"1) That the injury and damage to plaintiff's warehouse was the direct and proximate result of a sonic boom created by aircraft, on or about 17 November 1956.

"2) That $2750 was the damage or loss caused to plaintiff's warehouse by reason of the collapse thereof."

The Trial Court entered judgment for plaintiff on the verdict for $2750. and providing that interest should run on such amount from November 18, 1956.

Defendant Insurance Company appeals, contending: 1) The aircraft coverage provision of the policy does not cover sonic boom loss; 2) there is no evidence or insufficient evidence to sustain the jury's answer to Issue 1; 3) the court erred in allowing interest from 18 November 1956, the date of the alleged loss.

We revert to contention 1, that the aircraft coverage provisions of the policy do not cover sonic boom loss. The applicable provisions are:

"Section III. Specific Coverage Conditions: Provides that insurance provided under the Extended Coverage provisions shall include direct loss by windstorm, hurricane, hail, *explosion*, riot, civil commotion, smoke, *aircraft* and land vehicles.

"* * * Conditions Applicable Only to Damage by *Aircraft* and Land Vehicles: *Loss by aircraft shall include direct loss by falling aircraft, or objects falling therefrom*, but this Company shall not be liable for loss caused by any vehicle or aircraft (except falling aircraft) owned or operated by the insured, or by any tenant of the described premises, or by any agent, employee, or member of the household of either."

█ In the prior appeal of this case, 317 S.W.2d 752, we held that since plaintiff alleged a loss occasioned by aircraft, he is entitled to recover if he can prove that he has a loss which was proximately caused by aircraft, and that the loss complained of was covered by the instant policy provision. Reference is made to our prior opinion for our reasoning in detail and supporting authorities. Needless to say, we are still of the view that the conclusions arrived at in the prior appeal are correct. Moreover, such opinion constitutes the law of the case on this appeal. 4 Tex.Jur.2d § 1007, pp. 696, et seq. Defendant's contention 1 is overruled.

█ Defendant's 2nd contention is that there is no evidence or insufficient evidence to sustain the jury's answer to Issue 1.

The record reflects that the building was constructed in 1954 of frame and metal; that it was well constructed and there was no visible evidence that it was unsafe or had deteriorated in any manner prior to loss; that it was used as a warehouse for storing lumber and had a capacity of seven or eight boxcar loads of lumber; that it had been filled to capacity on prior occasions, but contained only 2½ to 3 cars of lumber at the time of loss; that on November 17, 1956 a terrific blast or explosion created by a sonic boom occurred in the Hico area; that immediately thereafter the building collapsed and was extensively damaged. The pressure of the sonic boom was so great that it shook the house of one witness, knocking dishes off shelves and breaking them. Another witness characterized the intensity of noise and pressure by saying that he thought the world was coming to an end. Even the Insurance Company's witness Parish admitted that a sonic boom of sufficient intensity can cause structural damage to buildings.

We think the evidence sufficient to sustain the jury's finding to Issue 1. See: In re King's Estate, 150 Tex. 662, 244 S.W.2d 660; 3-B Tex.Jur., §§ 911 et seq.; Lone Star Gas Co. v. Denton, Tex.Civ.App., 270 S.W.2d 245. Contention 2 is overruled.

Contention 3 complains of the Trial Court's judgment in allowing interest from November 18, 1956, rather than from the date upon which defendant filed its Second Amended Answer on April 9, 1958. Defendant says this date is the earliest date that the record discloses that defendant denied liability under the policy. It is obvious that a First Amended Answer was filed before the Second Amended Answer was filed; and that an Original Answer was filed prior thereto. Defendant is the party here complaining, and had the obligation to bring forward the record to sustain its contentions of error. Having not done so it cannot complain. Moreover, plaintiff prayed for interest from the date of loss in his prayer. There was no exception to this measure of damage. Defendant Insurance Company failed to plead or raise in any manner this relatively small matter prior to the entry of judgment in the case. We treat the matter waived. See: Rules 90, 91 and 94, Texas Rules of Civil Procedure; American National Ins. Co. v. Fox, Tex.Civ.App., 184 S.W.2d 937, W/E Ref.W.M.; Calvert Fire Ins. Co. v. Mc-Clintic, Tex.Civ.App., 267 S.W.2d 568, W/E Ref. NRE. Contention 3 is overruled.

We have carefully reviewed this record and conclude that it does not present reversible error. All of defendant's points and the contentions thereunder are overruled. The judgment appealed from is affirmed.

TIREY and WILSON, JJ., concur.