Raleigh A. SMITH, Jr., Appellant,

v.

**SOUTHERN LAND DEVELOPMENT CO.**
et al., Appellees.

*No. 14463.*

Court of Civil Appeals of Texas.

Houston.

Dec. 3, 1964.

Rehearing Denied Jan. 7, 1965.

Joe H. Reynolds, Stanley B. Binion, Houston, Bracewell, Reynolds & Patterson, Houston, of counsel, for appellant.

L. Keith Simmer, W. St. John Garwood, Jr., Houston, Fulbright, Crooker, Freeman, Bates & Jaworski, Houston, of counsel, for appellees.

WERLEIN, Justice.

Appellant, Raleigh A. Smith, Jr., brought this suit against Southern Land Development Company and others for alleged breach of contracts. After appellant rested, the court discharged the jury at the request of the parties who agreed in open court to submit all matters of fact and law to the court for determination, and who thereupon advised the court that they had settled all matters in issue and had agreed upon the entry of judgment by the court embodying the terms of their settlement agreement. From the court's judgment entered February 24, 1964, which incorporates therein the written settlement agreement dated June 26, 1963, appellant has appealed.

It will not be necessary to set out in full the rather complicated settlement agreement or the judgment which incorporates it, since this appeal is based on only a few provisions contained therein. After reciting that appellant was a stockholder in Southern Land Development Company, Southern Water Corporation and Southern Sanitary Corporation, owning 40% of the common capital stock of each of said companies, and that a dispute had arisen between the parties involving the internal management of said companies which had resulted in the filing of suits and counter-suits, and that the parties could no longer work together, the agreement provides in paragraph 1. thereof:

"1. That the Judge of the 125th District Court will select an appraiser, who is a member of the Houston Real Estate Board, and instruct the appraiser to proceed to appraise the land of Southern Land Development Company and report and certify his appraisal to the Court with copies to each party. That such appraiser shall be instructed to appraise all said property on the basis of what a buyer willing, but not required to buy would pay to a seller willing, but not required to sell, and that such appraisal is to be completed within thirty (30) days unless the time therefor is extended in the discretion of the Court."

The agreement provides for the dismissal with prejudice of another suit filed in the District Court of Harris County, Texas, styled Raleigh A. Smith, Jr. v. Southern Land Development Company et al, Cause No. 617,879, and then provides in paragraph 3. thereof that in the meantime the present cause will remain pending on the docket of the court following the receipt of the appraisal, and that a judgment will be entered by agreement based upon such appraisal, awarding judgment against Southern Land Development Company in favor of appellant (upon delivery of his stock to Southern Land Development Company) for 40% of the net stockholders' equity of the company, after allowing for all outstanding debts as reflected on the books of

the company *as of the date of the decree,* including as a part of such outstanding debts the attorneys' fees for all parties in the cause and the appraisal fee of the appraiser appointed by the court. The agreement further provides that the judgment shall be satisfied by said company's redemption of Raleigh A. Smith, Jr.'s 40% stock interest in such company, and *at the sole option of Southern Land Development Company* such 40% stock interest may be redeemed by the Company by transfer of 40% of the net shareholders' equity of the company to said Raleigh A. Smith, Jr., either by payment of cash or transfer of land of said Company, or by a combination of cash and land.

Paragraph 8. of the agreement, which, appellant contends, among other things, was not complied with, reads as follows:

"8. With respect to the Beavers-Conrad list of indebtednesses, it is agreed that within thirty (30) days of the date of this Agreement, such list will be brought up to date by Fred Conrad, who as a certified public accountant will certify to its accuracy and correctness; that when the said list has been brought up to date, the parties will adjust and settle the same by payment in cash within thirty (30) days after the same has been brought up to date by Fred Conrad of a net amount to the Plaintiff on the one hand or the Defendants and Intervenors on the other hand, as reflected by the adjusted list. To accomplish this purpose of this paragraph, all of the parties hereto agree that such indebtedness owned by the Plaintiff or corporations controlled by him will be assigned to Defendant or Intervenors, and that all indebtednesses owned by the Defendants or Intervenors will be assigned to the Plaintiff or corporations controlled by him. Such list is attached hereto and made a part hereof for all purposes."

Appellant asserts that the court erred in entering judgment based upon said settlement agreement for the reason that paragraph 1. thereof required that the appraisal be completed within thirty days of such date, whereas the appraisal is dated November 19, 1963. It is appellant's contention that the obligations on the part of the parties to such agreement were dependent upon the work being done and the appraisal being completed within the thirty day period, and that upon expiration of such period appellant was under no further obligation to be bound by the provisions of such agreement, since the purpose and function of the thirty days was to arrive at an adjustment not only of the appraisal but all of the figures and calculations necessary for entry of judgment, and further that the Beavers-Conrad List of indebtednesses was to be brought to an adjustment within thirty days. Between the date when the appraisal was to be completed and November 19, 1963, part of the raw land was converted into a growing development. At a hearing of appellant's objections and exceptions to the appraisal, the appraiser, who had been delayed in his work because of trouble with his eyes, suggested that in order to adjust for appraisal changes after the expiration of thirty days from the date of the agreement it was necessary to reform or correct the appraisal by adding to the appraised value an additional sum, and this the trial court did by adding to the aggregate appraised value of the land the sum of $58,665.00. Notwithstanding this correction or reformation of the appraisal pursuant to appellant's request, he contends that time was of the essence of the contract and that he had a right to rescind the contract since the appraisal was not completed within the thirty day period. He cites in support of his contention Hausler v. Harding-Gill Co., Tex.Com.App.1929, 15 S.W.2d 548, and other cases, in which time was held to be of the essence. These cases are inapplicable to the factual situation in the case at bar.

It will be noted that paragraph 1. of the agreement in question provides that such appraisal is to be completed within thirty days "unless the time therefor is extended in the discretion of the Court." There is nothing in the record showing that the court in his discretion expressly extended the time for completion of the appraisal, nor is there anything in the record to show that he did not do so. We must presume from the acceptance by the court of the appraisal dated November 19, 1963, and its use by the court in determining the amount to be awarded appellant in the judgment, that the court did in his discretion extend the time for the completion of the appraisal of the company's property. Furthermore, we are of the opinion that the appellant waived the provision that the appraisal be completed within the thirty day period by not complaining of the delay before or at the time the appraisal was returned. In his objections and exceptions to the appraiser's report, appellant not only did not complain of the delay but he alleged that the purpose of his objections was to determine whether or not under the evidence there was a mistake or error therein, and if so "to ask the Court to reform the appraisal in accordance with such error or mistake that might be proven from the evidence." Pursuant to his request, the court did reform the appraisal as hereinabove stated.

Paragraph 8. of the agreement, above set out, provides for certification of adjustments to be made with respect to the "Beavers-Conrad List" of indebtednesses within thirty days of the date of the agreement. Appellant asserts this was not done, and that the court's judgment was based upon uncertified adjustments made on November 30, 1963. At the end of paragraph 8. it is stated: "Such list is attached hereto and made a part hereof for all purposes." The list was not attached and it is not contained in the record. This Court is left in complete darkness as to the contents of such list. There is nothing in the record from which we can determine whether the adjustments in question were or were not made within the thirty day period other than the following unsworn statement made in appellant's motion for new trial:

"The Court erred in entering Judgment upon the appraisal and upon the figures which are attached to the Judgment and styled the Computation of Redemption Equity for Cause No. 608,-629, for the reason that such data has been prepared from 'the books and other data without audit' when in fact the agreement between the parties in Paragraph VIII reflects that within thirty days of the date of the agreement that the list would be brought up to date by Fred Conrad, who as a certified public accountant would certify to its accuracy and correctness. The Computation of Redemption Equity was neither certified nor brought to date within thirty days of the agreement dated the 26th day of June, 1963."

No hearing was had on appellant's motion for new trial which was overruled by operation of law and no evidence was adduced with respect to the Beavers-Conrad List. The law is well settled that allegations in a motion for new trial cannot be considered unless otherwise established by facts. Safeway Stores of Texas v. Rutherford, Tex.Civ.App., 101 S.W.2d 1055, aff'd 130 Tex. 465, 111 S.W.2d 688; Associated Employers Lloyds v. Wynn, Tex.Civ.App., 230 S.W.2d 838; Boyd v. Robinson, Tex.Civ.App.1957, 304 S.W.2d 430; Houston Packing Company v. Benson, Tex.Civ.App.1938, 114 S.W.2d 429.

The judgment of the court recites:

"And it further appearing to the Court that the attached list marked 'Exhibit A' and made a part of this Judgment states fully all of the debts and obligations of Defendant, Southern Land Development Company as of the date of this Decree, and that, taking into account the appraisal of the land of Southern Land Development Com-

pany, the other assets of Southern Land Development Company and deducting therefrom the outstanding debts and obligations of said company, that the net stockholders equity of Southern Land Development Company on the agreed date of valuation is the sum of TWO HUNDRED SIXTY-EIGHT THOUSAND FIVE and 84/100 DOLLARS ($268,005.84); but it further appearing that, due to the lapse of time following the agreed date of valuation until the return of the completed appraisal report, and the development of Section IV of Hidden Valley into developed lots of higher value during such interim, equity compels an increase in the net stockholders equity (as testified by said court appointed appraiser) of FIFTY-EIGHT THOUSAND, SIX HUNDRED SIXTY-FIVE and NO/100 DOLLARS ($58,665.00), and that the appraisal should be reformed by an increase in that amount; to wit to a net stockholder's equity of THREE HUNDRED TWENTY-SIX THOUSAND SIX HUNDRED SEVENTY and 84/100 DOLLARS ($326,670.84); * * *"

It will be noted that the agreement in question provides that:

"* * * a judgment will be entered by agreement based upon such appraisal, awarding judgment against Southern Land Development Company to the Plaintiff, Raleigh A. Smith, Jr. (upon delivery of his stock to Southern Land Development Company) for 40% of the net stockholders' equity of the company, after allowing for all outstanding debts as reflected on the books of Southern Land Development Company *as of the date of the decree* * * *" (emphasis added)

The court in the judgment found that the list marked "Exhibit A" made a part of the judgment "* * * states fully all of the debts and obligations of Defendant, Southern Land Development Company, *as of the date of this decree* * * *" Since the original Beavers-Conrad List was not attached to the agreement and there is nothing in the record to show whether adjustments were or were not made as provided in paragraph 8 of the agreement, we cannot say that Exhibit A, which the court found to be a statement of the debts and obligations of the company as of the date of the judgment, is in any manner different from what would have been shown by certified adjustments to the Beavers-Conrad List. Exhibit A is entitled "Computation of Redemption Equity for Cause 608,629, 125th Judicial District, District Court, Harris County, Texas" and it shows on its face that it was prepared as of November 30, 1963 from the books of the company and other data without audit. What the other data was is not shown. It is conceivable that the Beavers-Conrad adjustments were made within the 30 day period and that Exhibit A is based thereupon and later changes that might have been made therein or thereto in order to bring the debts and obligations down to the date of the decree. In any event, in the absence of any bill of exceptions or statement of facts, except that confined to the hearing of the objections to the appraisal, we must give verity to the recitals in the court's judgment, and find such judgment presumptively correct. Appellant has failed to show affirmatively that the trial court, in relying on the uncertified indebtedness, committed any error that was calculated to cause and probably did cause the rendition of an improper judgment. Boyd v. Robinson, Tex.Civ.App.1957, 304 S.W.2d 430; Mueller v. Banks, Tex.Civ.App., 317 S.W.2d 812, writ ref., n. r. e.; Ellis Drilling Corp. v. McGuire, Tex.Civ.App., 321 S.W.2d 911, writ ref., n. r. e.; Firemen's Ins. Co. v. Alexander, Tex.Civ.App., 328 S.W.2d 350, 74 A.L.R.2d 750, writ ref., n. r. e.; 3 Tex.Jur.2d, § 392, pp. 646–647.

In his third and fourth points appellant contends that the appraisal in its entirety constituted a gross mistake and is unjust. Appellant makes no contention that the appraisal in question was the result of fraud, misconduct or such gross mistake as to imply bad faith or failure to exercise an honest judgment on the part of the appraiser. Appellant in effect concedes that the appraisal was in the nature of an arbitration agreement, and that the law applicable to such agreements would apply to the appraisal in question.

In the agreement it is stipulated that "\* \* \* a judgment will be entered by agreement based upon such appraisal \* \*." In Haddad v. Bagwell, Tex.Civ.App.1958, 317 S.W.2d 781, writ ref., n. r. e., the controversy arose over a building contract, and the trial court asked the jury whether the arbitrators "took into consideration all damages that they thought occurred to the Haddad residence, regardless of whether such damages were the result of \* \* \* failure to comply with the plans and specifications \* \* \*." The jury answered in the affirmative and the trial court set aside the award. The Court of Civil Appeals reversed and rendered the case, holding:

> "The rule is stated by the Supreme Court, in Shultz & Bro. v. Lempert, 55 Tex. 273, as follows: 'If no right of appeal is reserved and the agreement, proceedings and award, in substantial compliance with the statute, then the award will, on motion be made the judgment of the court, unless, indeed, to be impeached on equitable ground, such as fraud, or gross mistake.'"

The court further said: "The award is certainly full and complete on its face, and the evidence above does not, in any way, reflect 'gross mistake' such as would imply bad faith or a failure to exercise an honest judgment." See also Providence Washington Insurance Company v. Farmers Elevator Co., Inc., Tex.Civ.App.1940, 141 S.W.2d 1024.

In Johnson v. American Can Co., Tex. Civ.App., 361 S.W.2d 451, this Court held:

> "It is well settled in Texas that the award of an arbitrator in a matter properly submitted to arbitration is final and conclusive, unless it is shown that the arbitrator was 'guilty of fraud, misconduct, or such gross mistake as would imply bad faith or failure to exercise an honest judgment.' Galveston, H. & S. A. Ry. Co. v. Henry & Dilley, 65 Tex. 685. Errors of fact or law are not grounds for setting aside an award. Johnson v. Korn, 117 S.W.2d 514, Tex.Civ.App., error ref.; Grand International Brotherhood of Locomotive Engineers v. Wilson, 341 S.W.2d 206, Tex.Civ.App., error ref., n. r. e."

See also Smith v. Barnett, Tex.Civ.App. 1963, 373 S.W.2d 762.

■ An attempt to set aside an award is in the nature of a bill of review, the award being analogous to a final judgment of a court of last resort. In City of San Antonio v. McKenzie Const. Co., 1941, 136 Tex. 315, 150 S.W.2d 989, our Supreme Court said: "Generally speaking, an award of arbitrators upon matters submitted to them is given the same effect as the judgment of a court of last resort. All reasonable presumptions are indulged in favor of the award, and none against it." See also Texas Steel Co. v. Texas & P. Ry. Co., Tex.Civ.App., 62 S.W.2d 670, writ ref.

■ Although it seems doubtful that evidence inquiring into the manner in which an award was arrived at is admissible (Forshey v. Galveston, H. & H. Railroad Company, 16 Tex. 516), and especially so where no contention is made that any mistake made was such as to imply bad faith or a failure to exercise honest judgment on the part of the appraiser, we shall, nevertheless, discuss briefly a few of the points that appellant relies upon to show a gross mistake in connection with the award. Appellant refers to a letter agreement which

he contends was not complied with. The letter agreement is not in the record and hence cannot be considered by this Court. From the statement of facts covering the hearing on appellant's objections to the appraisal, it appears that the letter in question was one written by appellant's counsel to appellee's counsel, but there is nothing to show the contents of such letter or that the terms thereof were agreed upon.

It is our view that there is no merit in appellant's contention that the appraiser failed to break down into segments or portions the residential property and appraise the same in light of the possibility that appellee would exercise its option to pay appellant in land. Appellee exercised its option to pay in cash, and hence the provisions in the agreement with respect to payment of appellant's 40% equity in land were not called into operation and became immaterial.

Appellant further complains that the appraiser arrived at his valuation of the property on the basis of offers. The appraiser's report and his testimony indicate that offers to sell were considered as showing the high valuation placed upon comparable property by the owners thereof. Any consideration given to such offers to sell was, therefore, in the interest of appellant since it was to his interest to establish the highest possible valuation that could be placed upon the appraised property in order to increase the value of his equity in the company. Thus appellant has failed to show any harm by reason of the consideration by the appraiser of such offers to sell. Actually, the appraiser in arriving at market values did not rely mainly upon such offers but upon comparable sales about which he testified. In Johnson v. Korn, Tex.Civ.App., 117 S.W.2d 514, writ ref., it was held that an award could not be attacked on the ground that the arbitrators had considered a particular offer. The possibility of an erroneous award was a risk which the parties assumed.

We have considered the other matters complained of by appellant, and have concluded that the appraisal substantially conforms to the agreement of the parties and the court's orders, and that the Court's judgment conforms to the agreement of the parties incorporated therein. There is nothing in the record showing that the appraisal was unjust after the reformation was made therein by the court, or that it resulted from fraud or misconduct or such gross mistake as to imply bad faith or failure to exercise honest judgment on the part of the appraiser, nor do we find any mistakes with respect to accounting or other matters contained in the appraisal, to be such as were calculated to cause and probably did cause the rendition of an improper judgment.

Judgment affirmed.