Jack R. ADAMS, et al., Appellants,

v.

KENDALL COUNTY APPRAISAL DISTRICT, Kendall County Appraisal Review Board, et al., Appellees.

No. 04–86–00130–CV.

Court of Appeals of Texas,
San Antonio.

Dec. 31, 1986.

Robert L. Taylor, Boerne, for appellants.

Charles J. Muller, III, Farley P. Katz, San Antonio, for appellees.

Before ESQUIVEL, CANTU and REEVES, JJ.

## OPINION

CANTU, Justice.

This is an appeal from a dismissal, for lack of jurisdiction, of appellants' action against the appellees, the Kendall County Appraisal District, the Kendall County Appraisal Review Board and Southwestern Appraisal Company, Inc. Appellants, 148 individuals who own property situated within the Kendall County Appraisal District (District), sought damages, injunctive relief, declaratory judgment and a writ of mandamus to require the appellees to administer the tax laws in a constitutional manner, and to prevent them from certifying the 1985 Kendall County tax roll. Appellants allege that they did not receive adequate notices of appraisals on their property and their right to protest the appraisals, and that the appellees failed to properly assess and appraise the real property within Kendall County.

The Appraisal District and the Review Board contracted with and delegated to Southwestern Appraisal Company their duty to appraise the land within Kendall County in accordance with the Texas Tax

1. All references to code sections herein refer to TEX.TAX CODE ANN. (Vernon 1982 and Ver-

Code [1] for the 1985 tax assessment. The appraisals were made and notices of the appraised values were sent to property owners in Kendall County on June 27 and 28, 1985. These notices indicated that property owners had until July 19, 1985 to file a protest with the Review Board if they believed the appraisal was incorrect, and that they would be scheduled for a hearing with the Review Board. The notices also stated that the Review Board would begin hearing protests on July 15, 1985.

Appellants allege that the notices failed to comply with the requirements of section 25.19 of the Tax Code. Section 25.19 provides:

(a) By May 15 or as soon thereafter as practicable and, in any event, not later than the 20th day before the date the appraisal review board begins considering protests ... the chief appraiser shall deliver a written notice to a property owner of the appraised value of his property ...

Appellants contend that the notices were not in compliance with section 25.19 because they indicate that review board hearings will begin on July 15, 1985. Twenty days prior notice, as mandated by section 25.19, required that the notices be sent no later than June 25, 1985. As noted, the notices were sent to property owners on June 27 and 28.

Section 41.44 of the code provides that a taxpayer must file notice of a protest with the review board within thirty days after the date the appraisal notice was sent to the property owner. Appellants complain that the notices state that they had only until July 19, 1985 to file a protest, when they should have had until July 27 or July 28.

Appellants also contend that section 41.-46 provides that a property owner is to receive written notice of his hearing date with the board not later than the 15th day before the date of the hearing. Appellants allege that only five notices of scheduled hearing dates were sent.

non Supp.1986).

According to the appellees, all persons who appeared for a hearing with the review board either signed a waiver of this notice provision or had their hearing rescheduled for a later time so as to provide the proper notice. The appellees also maintain that property owners were permitted to file protests after July 19, 1985, when the error in the notices was discovered; and that an attempt was made to inform the public through newspaper and radio announcements of the extended time for filing.

The basis of appellants' action is that the appraisals are incorrect as evidenced by the fact that the total appraised value for all property within the district for 1984 was approximately $876,792,168.00 while the same property was valued for 1985 at approximately $1,881,355,926.00. Appellants sought to prevent certification by the appellees of the increased appraisal roll, and because of the defect in the notices sought to prevent the appellees from increasing the appraisal values beyond the 1984 appraisal.

On October 23, 1985, the trial court entered a show cause order requiring the appellees to show why they should not be ordered to (1) recall the certification of appraisal (which was made August 8, 1985) (2) correct all appraisals and (3) continue hearing protests until all evaluations were made in compliance with the law.

Appellees filed a motion to dismiss appellants' action alleging that the trial court was without jurisdiction to entertain the suit based upon the provisions of the Tax Code. Hearings were held on November 26, 1985, and December 10, 1985, at which time appellees offered a proposed settlement agreement. The trial court indicated that it had no alternative but to dismiss appellants' suit based upon the Tax Code provisions, unless the parties reached a settlement. Appellants' counsel stated that he could not accept the proposed settlement. The suit was thereafter dismissed without prejudice.

Appellants raise four points of error. In their third point they allege that the trial court erred in holding that the Tax Code preempts their right to due process when the code is administered in an unlawful or unconstitutional manner.

Section 42.09 of the code provides in pertinent part:

The procedures prescribed by this title for adjudication of the grounds of protest authorized by this title are exclusive
. . .

The prescribed procedures require a property owner to file a written notice of any protest with the review board within thirty days after notice of the appraisal is delivered to the property owner. Section 41.44. The review board is then to schedule a hearing on the protest, (section 41.45), and deliver written notice of the scheduled hearing date to the property owner not later than 15 days prior to the hearing. Section 41.46.

Once a determination of the protest has been made, the review board is required to issue a written order of its decision and deliver a copy of the decision to the property owner. Section 41.47. A property owner is then entitled to appeal the board's determination of his protest. Section 42.01. To exercise this right of appeal a written notice of appeal must be filed with the review board within 15 days after the property owner receives the board's decision. Section 42.06. A petition for review must then be filed with the district court within 45 days of receipt of the review board's order, and a failure to timely file a petition bars any appeal to the district court. Section 42.21.

Although several of the appellants had hearings before the review board and had their appraisals altered as a result, no notices of appeal were filed with the review board. Rather it is evident that this suit was instituted seeking remedies outside of the code provisions.

Appellants argue that since the board did not send the notices required by the Tax Code it never acquired jurisdiction to set the appraised values. They further argue that to require the property owners to comply with the protest and appeal requirements rather than permitting an action to enforce compliance by the appellees with

the code provisions denies them due process. Appellants' argument is based upon their contention that section 42.09 cannot dictate that the remedies prescribed by the code are exclusive.

In *Brooks v. Bachus,* 661 S.W.2d 288 (Tex.App.—Eastland 1983, writ ref'd n.r.e.) property owners sought to prevent certification of the property appraisal roll alleging that the taxes were not assessed equally and uniformly and that the properties were assessed in excess of their fair market value. The plaintiffs did not comply with the provisions of the code in protesting the appraisals, but argued that the review board's action deprived them of due process. The Eastland Court found that section 42.09 mandates that the code remedies are exclusive. It stated:

> The Texas Property Tax Code, by its detailed provisions, meets the challenged requirement of due process. Plaintiffs failed to avail themselves of the procedures provided. Their point of error is overruled. The judgment of dismissal is affirmed.

*Id.* at 290.

Similarly, in *Poly-America, Inc. v. Dallas County Appraisal District,* 704 S.W.2d 936 (Tex.App.—Waco 1986, no writ) the plaintiff failed to file its petition for review with the district court within 45 days of its receipt of the review board's decision as required by section 42.21. The Waco Court stated:

> The rights, procedure and remedies set forth in section 42.21 are exclusive and supplant and supersede a property owner's common law rights and remedies. (Citations omitted); TEX.TAX CODE ANN. § 42.09 (Vernon 1982). Therefore, to obtain a judicial review of the appraisal review board's final determination of his protest, a property owner must comply with that section. Statutory provisions creating rights and remedies are mandatory and exclusive and must be complied with in all respects.

*Id.* at 937. The court held that the notice requirements of section 42.21 are jurisdictional and affirmed the trial court's dismissal.

The court in *Poly-America* distinguished its holding from the decision in *Corchine Partnership v. Dallas County Appraisal District,* 695 S.W.2d 734 (Tex.App.—Dallas 1985, writ ref'd n.r.e.) in that the plaintiffs in *Corchine* had failed to give notice to the review board as required by section 42.06. However, the court in *Corchine* found that section 42.06(b) notice requirements were jurisdictional as well. *See also Rockdale I.S.D. v. Thorndale I.S.D.,* 681 S.W.2d 225 (Tex.App.—Austin 1984, writ ref'd n.r.e.) (holding that notice requirements of 42.-06(a) are jurisdictional).

The property owner in *Herndon Marine Products, Inc. v. San Patricio County Appraisal Review Board,* 695 S.W.2d 29 (Tex. App.—Corpus Christi 1985, writ ref'd n.r.e.) argued that a summary judgment in favor of the taxing authority was erroneous because there had been alleged separate constitutional claims not covered by the Tax Code. The Corpus Christi Court held that section 42.09 precluded the appellants from challenging the determination of the review board by any other process than that prescribed by the Tax Code.

In *Valero Transmission Co. v. Hays Consolidated I.S.D.,* 704 S.W.2d 857 (Tex. App.—Austin 1985, writ ref'd n.r.e.) Valero counterclaimed, in an action to collect delinquent taxes, for review of the appraisal review board's assessment. The Austin court found that the Tax Code provisions are exclusive, and further held:

> The necessary consequence of making the Code provisions *exclusive,* as to the remedy provided therein for an unconstitutional or otherwise erroneous appraisal, is to abolish the previously existing common law actions created to prevent unconstitutional taxation ...
>
> We therefore hold the Code remedies of administrative and judicial review are a property owner's exclusive remedies when he is dissatisfied with his property appraisal or any other aspect of his ad valorem tax falling within the grounds of protest allowed him under § 41.41 of the Code. (Emphasis in original)

*Id.* at 862.

Appellants herein do not contest the constitutionality of section 42.09. Section 41.-

41 provides that a protest may be filed to contest "(8) any other action that applies to the property owner and adversely affects him." As noted by the court in *Valero, supra* and in *Texas Architectural Aggregate v. Adams,* .690 S.W.2d 640 (Tex.App.—Austin 1985, no writ) a failure to challenge the constitutionality of section 42.09 results in the conclusion that the code remedies are exclusive when the complained of review board action could have been protested by a property owner following the proper procedures in the code.

■ Although none of the cases cited above are directly controlling on the issues before us, those courts that have considered the exclusiveness of the remedies provided by the Tax Code have consistently held that the failure of a property owner to comply with any of the challenged code provisions preempts a right to judicial review. *See Dallas County Appraisal District v. Lal,* 701 S.W.2d 44 (Tex.App.—Dallas 1985, writ ref'd n.r.e.). We agree. Therefore, we find that because the property owners failed to comply with the provisions of the Tax Code the trial court was without jurisdiction to entertain their cause of action. Point of error three is overruled.

In their second point of error, appellants allege that the trial court erred in not requiring the appellees to comply with the show cause order entered on October 23, 1985. As the trial court was required to enter an order of dismissal after it determined that it lacked jurisdiction to proceed, there can be no error in refusing to require compliance with the previously entered show cause order. Point of error two is overruled.

In their fourth point of error appellants contend that the trial court erred in holding that the appellees were not required to comply with the provisions of the Tax Code in discharging their duties in the taxing process. The order of dismissal recites only that the appellants' suit was dismissed without prejudice. The court did not hold nor otherwise determine that the appellees did not have to comply with the Tax Code provisions. Appellees' motion to dismiss was predicated on the argument that the appellants failed to comply with the prescribed procedures in the Tax Code and thus the court was without jurisdiction to hear the matter.

However, appellants argue that the appellees' failure to comply with the code provides them a cause of action outside of the code for enforcement.

Although a failure to comply with the notice requirements of section 25.19 does not effect the validity of an appraisal, *Gruy v. Jim Hogg County Appraisal District,* 715 S.W.2d 170 (Tex.App.—Texarkana 1986, no writ), the totality of the appellees' actions herein may have been sufficient to void the tax appraisal. However, the appellants did not challenge the appellees' actions through the prescribed procedures. By electing to seek non-code remedies appellants have forfeited their right to protest actions taken by the district or the review board in certifying the tax roll.

Thus the trial court did not hold that appellees could violate the code provisions. Rather appellants have incorrectly challenged the appellees' failure to comply. Point of error four is overruled.

■ In point of error one appellants allege that the trial court judge, Charles E. Sherrill, was not competent or qualified to sit in judgment of the case and that his order of dismissal is, therefore, void.

Appellants' suit was filed on September 30, 1985 in the 216th Judicial District Court of Kendall County. On October 23, 1985, the duly elected judge of that court, Robert R. Barton, entered the aforementioned show cause order. In an affidavit of appellants' counsel, Robert L. Taylor, attached to appellants' motion for new trial, Taylor states that he was notified on or about November 6, 1985, that Judge Sherrill had been assigned to hear the case.

Judge Sherrill presided over the hearing on appellees' motion to dismiss at which time he introduced himself as the former judge of the 112th District Court who was now performing services as a former judge.

According to Taylor's affidavit, after appellants' suit was dismissed he began to question Sherrill's authority to sit as the judge. The affidavit states that Taylor contacted George M. Thurmond, the Presiding Judge of the 6th Administrative Judicial District, for information concerning Sherrill's appointment. Judge Thurmond notified Taylor that Sherrill was assigned on September 10, 1985, under authority of TEX.REV.CIV.STAT.ANN. art. 200a, to enable cases scheduled in the District Court of Kendall County to be heard while Judge Barton was completing jury work started earlier in another county in his district. Judge Thurmond, the affidavit states, also indicated that the assignments of special judges are for a period of 30 days.

Appellants argue that Judge Sherrill's appointment terminated on October 10, 1985, thirty days after the effective date of his appointment. Thus appellants contend that Sherrill was not validly assigned on November 6, 1985 to hear their case.

Appellants did not request nor obtain a hearing on their motion for new trial. A document in the nature of a bill of exceptions entitled "Plaintiffs' Tender of Proof" was filed with the trial court on February 21, 1986. In this tender of proof appellants attempt to set out the reasons for their assertion that Judge Sherrill was disqualified and incompetent to preside over the case or to enter a dismissal. However, the record does not disclose that a hearing or other proceeding was held at which time evidence concerning the allegations in the motion for new trial or the information offered in the tender of proof was heard. Thus there was no evidence of Judge Sherrill's alleged lack of qualifications presented to the trial court.

When a motion for new trial presents a question of fact upon which evidence must be heard, the trial court is obligated to hear such evidence if the facts as alleged, if true, would entitle the movant to a new trial *when* a hearing for such purposes is properly requested. *Hensley v. Salinas,* 583 S.W.2d 617 (Tex.1979). A question concerning a judge's qualifications to sit is a fact question. Thus upon proper request the trial court herein would have been required to hold a hearing on appellants' motion for new trial. No evidence of such a request appears in the record.

Nothing other than the allegations in Taylor's affidavit attached to appellants' motion for new trial is before us. The allegations in a motion for new trial cannot be considered on review unless otherwise established by evidence, *see Smith v. Southern Land Development Co.,* 385 S.W.2d 552 (Tex.Civ.App.—Houston 1964, no writ), unless only a question of law is presented. *Aero Mayflower Transit Co., Inc. v. Spoljaric,* 669 S.W.2d 158 (Tex.App. —Fort Worth 1984, writ dism'd). *See also Hensley v. Salinas, supra.*

Appellants' allegations concerning Judge Sherrill's qualifications to sit are similar to a claim of newly discovered evidence. To require a new trial under such circumstances the movant must introduce evidence at a hearing showing the existence of such evidence. *See Estate of Arrington v. Fields,* 578 S.W.2d 173 (Tex.Civ.App.—Tyler 1979, writ ref'd n.r.e.). A denial of a new trial on the ground of newly discovered evidence is not an abuse of the trial court's discretion if no evidence in support of the motion is introduced. *Buckner Orphans Home v. Maben,* 252 S.W.2d 726 (Tex.Civ.App.— Eastland 1952, no writ).

As there is no evidence that appellants pursued or exercised their right to obtain a hearing on their motion for new trial the trial court did not err in failing to have a hearing. Since there was no hearing there are no facts upon which we can determine whether Judge Sherrill was disqualified from presiding over the action. Absent such evidence, we must presume the judge was validly appointed and qualified. *Quarles v. Smith,* 379 S.W.2d 91 (Tex.Civ. App.—Houston 1964, writ ref'd n.r.e.). Point of error one is overruled.

The order of the trial court in dismissing appellants' action is affirmed.