John W. PEIL, III, as guardian of the estate of John W. Peil, Jr., N.C.M., Appellant,

v.

**WALLER COUNTY APPRAISAL DISTRICT and Waller County Appraisal Review Board, Appellees.**

No. C14–86–882–CV.

Court of Appeals of Texas, Houston (14th Dist.).

July 23, 1987.

**34**

Madison R. Jones, Houston, for appellant.

Brian E. Brown, Austin, for appellees.

Before JUNELL, SEARS and DRAUGHN, JJ.

## OPINION

SEARS, Justice.

Appellant appeals the dismissal of his suit to have the revocation of his "open-space" exemption for the 1984 tax year declared null and void, to have the district court determine the proper amount of property taxes and to order a refund of the amounts in excess of that figure which Appellant previously paid under protest. We affirm the decision of the trial court.

This dispute concerns the decision of the Chief Appraiser of Waller County to require new applications for an "open space" exemption for the 1984 tax year for all properties previously granted this exemption. The purpose of this requirement was to establish that such properties still remained eligible for the exemption. Appellant's 490 acres of farmland had been granted an open space exemption for the 1982 and 1983 tax years, and thus was one of the properties affected by the decision.

In February, 1984, notices of the Chief Appraiser's decision and application forms for the open-space exemption were mailed to every property owner affected by the decision, including Appellant. A second no-

tice was mailed on April 16, 1984, to all persons who failed to respond to the first notice. Appellant did not respond to either notice and asserts that he never received them. The statutory deadline for filing the new exemption application was May 1, 1986.

A notice of appraised value reflecting the increased appraised value due to loss of the exemption was mailed to Appellant in May 1984. The notice contained a notification of the right to appeal the appraisal by filing a written notice of protest with the Waller County Appraisal Review Board by June 12, 1984. Appellant acknowledges that he received this notice and asserts that at this time he contacted the Appraisal District office by telephone but was told that it was too late to file "an appraisal." The record does not reflect the date upon which Appellant made this call. The Waller County Appraisal Review Board approved the appraisal records in June of 1984. Appellant paid the assessed taxes under protest on July 24, 1984. The next communication between Appellant and the Appraisal District occurred in November 1984. Appellant then inquired as to when the notices requiring new applications were sent and the District replied by providing this information, pointing out Appellant's failure to protest after receiving notice of the increased appraised value, and by forwarding to Appellant the application forms for the open space exemption for the 1985 tax year. Further correspondence occurred in March, 1985.

Finally, on July 24, 1985, Appellant's attorney made a written request for a late hearing on the loss of the exemption. He discussed the matter with the Chief Appraiser who then wrote a letter on August 8, 1985, advising Appellant's attorney that the 1984 tax roll had been approved and certified; therefore, the Waller County Appraisal Review Board lacked the authority to make any valuation changes. No hearing was held and no order was issued regarding Appellant's request. The record reflects that no written protest of the valuation was ever filed prior to the approval of

the tax roll. Appellant filed this lawsuit on September 11, 1985.

▆ Appellant brings two points of error in which he contends that it was error for the trial court to deny his Motion for Summary Judgment and to grant Appellees' Motion to Dismiss. Appellant's arguments are based upon his position that the Chief Appraiser exceeded his authority when he revoked all open-space exemptions for property within the Appraisal District without first determining that each specific property no longer qualified for the exemption. We find that Appellant has misconstrued the Chief Appraiser's actions.

The chief appraiser of each appraisal district is charged with the duty of preparing appraisal records for each property located within that district. Tex.Tax Code Ann. § 25.01 (Vernon 1982). In doing so, he must determine the valuation to be placed on each property. Qualified land may receive an "open-space" exemption which results in a lower valuation of the land for appraisal purposes. Chapter 23, Subchapter D of the Property Tax Code provides the procedure under which land may qualify for the open-space exemption. Section 23.54 prescribes the manner in which an application for the exemption must be made. It further provides that if a proper and timely application is made by the property owner, and open-space land status is allowed, the land is eligible for the open-space appraisal in subsequent years without a new application absent an ownership or land use change. However, this provision is limited by Section 23.54(e):

> However, the chief appraiser if he has good cause to believe the land's eligibility under this subchapter has ended, *may require* a person allowed appraisal under this subchapter in a prior year to file a *new application to confirm that the land is currently eligible* under this subchapter by delivering a written notice that a new application is required, accompanied by the application form, to the person who filed the application that was previously allowed. (Emphasis added).

Tex.Tax Code Ann. § 23.54(e) (Vernon 1982). The applications must be filed before May 1, however, the chief appraiser may extend this deadline by up to 60 days for good cause. Section 23.57 then provides that the chief appraiser "shall determine separately each *applicant's* right to have his land appraised under this subchapter." (Emphasis added). Once the application and relevant information have been considered, he must then either approve or deny the application, or, disapprove it and request additional information from the applicant. Tex.Tax Code Ann. § 23.57 (Vernon 1982). Section 23.57(c) requires the chief appraiser to make his determination of the validity of each application before he submits the appraisal records to the appraisal board for review.

Appellant contends that this system "puts the appraiser on a one-on-one relationship with the taxpayer" and requires the appraiser to make an individual determination that the specific parcel of land is no longer eligible for the exemption *before* requiring a new exemption application. We do not agree.

The statutory language reveals that the purpose of authorizing the appraiser to require new applications is to provide a mechanism by which he may obtain the information necessary to determine whether the individual property remains eligible for the exemption. No purpose would be achieved by determining that the land was not eligible and *then* requesting a new application to determine eligibility.

The Chief Appraiser stated in his affidavit that he had good reason to believe that Appellant's property may have ceased to be eligible for the exemption because it is located in an area subject to frequent and sudden changes in use. The requirement for a new application is not, as Appellant asserts, the equivalent of declaring all land in the district no longer eligible for the open-space exemption. When the new application is received, the chief appraiser then must re-determine the eligibility of each individual property. If a person fails to file a timely, valid application, the land is ineligible for the exemption for that year. Tex.Tax Code Ann. § 23.54(e) (Vernon 1982). We hold that the Chief Appraiser

did not exceed his statutory authority in requiring new applications for the open-space exemption.

▮▮▮ Appellant next asserts that he failed to receive notice of the requirement for a new application, therefore, he need not follow the statutory procedural requirements for filing a protest of the appraisal on his land.

As previously noted, Appellees assert that the notices were sent by first class mail to Appellant in February and April of 1984. Section 1.07 of the Tax Code provides that:

(a) An official or agency required by this title to deliver a notice to a property owner may deliver the notice by regular first-class mail, with postage prepaid, unless this title requires a different method of delivery.

(b) The official or agency shall address the notice to the property owner or, if appropriate, his agent at his address according to the most recent record in the possession of the official or agency....

(c) A notice permitted to be delivered by first-class mail by this section is presumed delivered when it is deposited in the mail. This presumption is rebuttable when evidence of failure to receive notice is provided.

Tex.Tax Code Ann. § 1.07 (Vernon 1987). The Chief Appraiser stated in his affidavit that Appellant's notices were mailed to 3014 Linkwood, Houston, Texas 77025. In his affidavit, Appellant acknowledges this to be his correct address. These notices were not returned to the Appraisal District by the postal service. Further, Appellant admits receiving the notice of appraised value which informed him of the deadline for filing a protest. We hold that Appellant received sufficient notice to require compliance with the statutory procedures.

A property owner is entitled to protest before the appraisal review board the determination that his land does not qualify for appraisal under Subchapter D, Chapter 23 of the Code, and any other action that applies to the owner and adversely affects him. Tex.Tax Code Ann. § 41.41 (Vernon 1982). Section 41.44 provides that to be entitled to a hearing and determination of a protest, the property owner must file a written notice of the protest with the appraisal review board within applicable deadlines or, in instances where good cause is shown, at a later time but in all cases before the appraisal review board approves the appraisal records. Tex.Tax Code Ann. § 41.44 (Vernon 1987). The appraisal review board must determine all protests prior to approving the appraisal records. Tex.Tax Code Ann. § 41.47 (Vernon 1982). Judicial review of the decisions of the appraisal review board are governed by Chapter 42 of the Property Tax Code. The pertinent portion of Tex.Tax Code Ann. § 42.01 (Vernon 1982) provides that:

A property owner is entitled to appeal: (1) an *order* of the appraisal review board *determining a protest* by the property owner as provided by Subchapter C of Chapter 41 of this code. (Emphasis added).

The property owner must file a written notice of appeal within 15 days after he receives notice that the order with which he is dissatisfied has been issued, file a petition for review with the district court within 45 days after receiving notice of the final order and pay the amount of taxes not in dispute or the amount paid on the property in the previous year, whichever is greater. Tex.Tax Code §§ 42.06, 42.08, 42.21 (Vernon 1982). Finally, § 42.09 provides that:

The procedures prescribed by this title for adjudication of the grounds of protest authorized by this title *are exclusive*, and a property owner may not raise any of those grounds:

. . . . . .

(2) as a basis of a claim for relief in a suit by the property owner to arrest or prevent the tax collection process or to obtain a refund of taxes paid. (Emphasis added).

Tex.Tax Code Ann. § 42.09 (Vernon 1982). These provisions have been held to meet the requirement of due process. *Brooks v. Bachus*, 661 S.W.2d 288, 290 (Tex.App.—Eastland 1983, writ ref'd n.r.e.). Failure of a property owner to comply with these provisions constitutes failure to exhaust

the administrative remedies and deprives him of the right to judicial review. *Adams v. Kendall County Appraisal District,* 724 S.W.2d 871, 875 (Tex.App.—San Antonio 1986, no writ); *See Dallas County Appraisal District v. Lal,* 701 S.W.2d 44, 46 (Tex.App.—Dallas 1985, writ ref'd n.r.e.). Appellant clearly failed to comply with any of the procedural requirements of Chapters 41 and 42 of the Tax Code. He failed to file a timely written notice of protest with the Appraisal District or the Waller County Appraisal. Review Board and, therefore, was not entitled to a hearing and determination. Having failed to timely and properly present the protest and obtain an order, he was not entitled to appeal to the district court. The dismissal of Appellant's suit was not error. Appellant's points of error are overruled.

Accordingly, the judgment of dismissal is affirmed.