**TEXAS ARCHITECTURAL AGGREGATE, INC.,**
Appellant,

v.

**G.P. ADAMS, Chief Appraiser, et al., Appellees.**

**No. 14263.**

Court of Appeals of Texas,
Austin.

April 3, 1985.

David M. Williams, San Saba, for appellant.

Brian E. Brown, Calame, Linebarger & Graham, Austin, for appellees.

Before POWERS, EARL W. SMITH and CARROLL, JJ.

POWERS, Justice.

Texas Architectural Aggregate, Inc., appeals from a summary judgment that denies the corporation relief in its suit against the Central Appraisal District of San Saba County and its chief appraiser, G.P. Adams. In its suit, the corporation alleged the district's assessment of the corporation's property, for ad valorem tax purposes, is "grossly excessive," and therefore in violation of the requirements of Tex. Const.Ann. art. VIII, § 20 (1955). Based on this contention, the corporation prayed for the issuance of a permanent injunction restraining collection of any ad valorem tax based on the assessment. We will affirm the summary judgment denying such relief.

## THE CORPORATION'S PLEADED CAUSE OF ACTION

The corporation's cause of action, for equitable relief from a "grossly excessive" assessment by a taxing authority, was formerly well recognized as a common-law cause of action cognizable under the inherent power of a district court. It was judicially created to remedy what would otherwise be a violation of the taxpayer's constitutional right to an assessment conforming to the requirements of Tex. Const.Ann. art. VIII, § 20. *Whelan v. State*, 155 Tex. 14, 282 S.W.2d 378 (1955); *City of Saginaw v. Garvey Elevators, Inc.*, 431 S.W.2d 575 (Tex.Civ.App.1968, writ ref'd n.r.e.); *Corrigan Properties, Inc. v. City of W. University Pl.*, 430 S.W.2d 917 (Tex.Civ.App.1968, no writ); Yudof, *The Property Tax in Texas Under State and Federal Law*, 51 Tex. L.Rev. 885, 896–97, and nn. 56–60 (1973). A similar common-law cause of action was judicially created to vindicate a taxpayer's right to assessment *in proportion* to the market value of his property, a standard guaranteed in the provisions of Tex. Const. Ann. art. VIII, § 1 (Supp.1985). *See* Yudof, *supra*, at 897–99. In either of these causes of action numerous "pitfalls" hindered the taxpayer's success depending

upon whether he sued before or after approval of the tax rolls. *Id.* at 900–08.

## THE STATUTORY CAUSE OF ACTION PROVIDED BY THE NEW TAX CODE

In the enactment of the new Tex. Prop.Tax Code Ann. (1982 & Supp.1985), however, it is unquestionable that the Legislature intended to supplant these common-law causes of action, and equitable remedies, by the provisions made in the Code for administrative and judicial review of the assessments made by taxing authorities, as those provisions are set forth respectively in §§ 41.41–.69 and 42.01–.29 of the Code. Tex.Prop.Tax Code Ann. § 42.09 (1982); *See also* Kliewer and Breen, *The New Property Tax Code and Perfecting the Appeal: A Taxpayer's Perspective,* 13 St. Mary's L.J. 887, at 904 (1982).

The *administrative* review process is initiated by the taxpayer's "protest" to an "appraisal review board," in this instance the San Saba County Appraisal Review Board. In his protest, the taxpayer is entitled to challenge several specific aspects of his assessment, as well as "any other action that applies to the property owner and adversely affects him" in connection with the ad valorem tax on his property (§ 41.-41). The protest is determined by the board in a hearing attended by a full range of procedural safeguards, many of which are equivalent to those in a judicial proceeding (§§ 41.44–.69). The appraisal review board is specifically empowered to revise an incorrect appraisal (§ 41.47).

The *judicial* review process authorized by the Code contemplates that the taxpayer may sue in the district court to challenge the determination made by the appraisal review board (§ 42.01). Review in the district court is by trial de novo and the court is instructed to "try all issues of fact and law raised by the pleadings in the manner applicable to civil suits generally," with the aid of a jury if requested by either party (§ 42.23). The court is authorized to grant several forms of special relief but the court is also empowered generally to enter other orders "necessary to preserve rights protected by and impose duties required by the law" (§§ 42.24–.26). Attorney's fees may be awarded in certain circumstances, and appellate review may be taken from the judgment of the district court (§§ 42.-28, .29).

The Code purports to make *mandatory* and *exclusive* the administrative and judicial review proceedings therein prescribed. And the Code purports to make exclusive the remedies therein authorized. That is to say, these statutory proceedings and remedies are made exclusive of any judicial proceeding or remedy authorized by the common law by which a property owner may contest the appraisal of his property and prevent the collection of an ad valorem tax based thereon (§ 42.09).[1]

The effect of § 42.09 is thus to abolish any common-law proceeding and remedy based upon an appraisal alleged to be "grossly excessive," and to substitute therefor the review proceedings and remedies provided in the Code. We note here that the Legislature, consistent with the requirements of due process, may abolish a well-established common-law cause of action or remedy only if it provides a substitute that is certain and reasonably adequate. *Lebohm v. City of Galveston,* 154 Tex. 192, 275 S.W.2d 951 (1955). Similarly, any substitute supplied by the Legislature

---

1. Section 42.09 of the Code reads as follows: The procedures prescribed by this title for adjudication of the grounds of protest authorized by this title are exclusive, and a property owner may not raise any of those grounds:

    (1) in defense to a suit to enforce collection of delinquent taxes; or

    (2) as a basis of a claim for relief in a suit by the property owner to arrest or prevent the tax collection process or to obtain a refund of taxes paid.

The "grounds of protest authorized by" Title 1 of the Code, to which reference is made above, are delineated in § 41.41. The grounds include: the value assigned to the taxpayer's property for appraisal purposes; the inclusion of his property in the appraisal records; the denial of an exemption; the determination that the taxpayer owns the property; as well as "any other action that applies to the property owner and adversely affects him." *Id.*

may not be effectively foreclosed by procedural or other requirements that are themselves arbitrary or unreasonable on balance. *Sax v. Votteler*, 648 S.W.2d 661, 665 (Tex.1983). For the reasons which follow, however, we need not concern ourselves with the issue of whether the Code is constitutional under the principles of these decisions.

## HOLDING AND DISCUSSION

It is undisputed that the corporation affirmatively pursued in this case its statutory right to administrative review before the San Saba County Appraisal Review Board. It was denied relief in that proceeding. It is also undisputed that the corporation did not perfect its statutory right to judicial review of that board's determination, for the corporation failed timely to give notice of appeal to the board, as required by § 42.06 of the Code, and it failed to file its petition in district court within the 45 days allowed by § 42.21 of the Code.

The district and its chief appraiser moved for summary judgment in the district court. The grounds specified in their motion were the requirements of §§ 42.06 and 42.21. In opposition to the motion, the corporation by affidavit contended only that the district and the chief appraiser had *actual* notice of the corporation's intent to sue for judicial review; that they were relying upon a "mere technicality in attempting to tax [the corporation] unconstitutionally"; and that the unconstitutional assessment remained as an operative fact irrespective of §§ 42.06 and 42.21.

The district court granted the motion for summary judgment, basing its action upon the provisions of §§ 42.06 and 42.21.

■ Nothing raised in the court below and nothing in the corporation's brief to this Court directly challenges the constitutionality of any provision of the new tax code. Specifically, the corporation has not challenged directly the constitutionality of §§ 42.06 and 42.21 upon which rests the judgment of the district court. Nor has the corporation challenged the constitution-

ality of § 42.09, which purports to prohibit a property owner from raising the unlawfulness of an assessment as a basis for preventing or arresting the collection of an ad valorem tax in a non-statutory suit. But if these Code provisions *are* constitutional, as they are presumed to be, the corporation is bound by them, including the requirements that it give written notice of appeal and file its petition in district court within the times prescribed. *Mingus v. Wadley*, 115 Tex. 551, 285 S.W. 1084 (Tex. 1926).

■ The corporation's brief to this Court *does* raise the contention that the Code provisions *do not supersede* the principles inherent in the earlier cases whereby equitable relief from a "grossly excessive" assessment was obtainable in a suit at common law. But the Legislature, in § 42.09, does purport to "supersede" those principles, for that section expressly makes mandatory and exclusive the proceedings therein authorized; it expressly makes exclusive the remedies provided by the Code; and it expressly forbids a common-law suit of the kind well-established in those earlier cases. Section 42.09, as well as §§ 42.06 and 42.21, may be denied controlling effect in this case *only* if they be unconstitutional.

■ We would, perhaps, consider the corporation's contention to be an attack upon the constitutionality of the relevant Code provisions. But we may not do so in an appeal taken by one who has affirmatively availed himself of the administrative-review proceeding upon which they depend and of which they form an integral part, for one may not in the same proceeding rely upon a statute while contending that it is unconstitutional in some important provision. *Becton v. Dublin*, 163 S.W.2d 907 (Tex.Civ.App.1942, writ ref'd). Stated otherwise, it is a fundamental rule of constitutional law that a court "will not pass upon the constitutionality of a statute at the instance of one who had availed himself of its benefits." *Ashwander v. Tennessee Valley Authority*, 297 U.S. 288, 56 S.Ct. 466, 80 L.Ed. 688 (1936); *see also Fahey v.*

*Mallonee,* 332 U.S. 245, 67 S.Ct. 1552, 91 L.Ed. 2030 (1947).

We therefore affirm the judgment below.