BRAZORIA COUNTY APPRAISAL DIS-
TRICT and Brazoria County
Appraisal Review Board, Appellants,

v.

NOTLEF, INC., Appellee.

No. 13–86–283–CV.

Court of Appeals of Texas,
Corpus Christi.

Oct. 16, 1986.

Rehearing Denied Dec. 18, 1986.

Peter W. Low, Russell R. Graham, Ca-
lame, Linebarger & Graham, Austin, for
appellants.

W. Scott Red, Jr., Landis, Gregory, Red
& Howard, Houston, for appellee.

Before NYE, C.J., and BENAVIDES
and KENNEDY, JJ.

OPINION

BENAVIDES, Justice.

This case involves a temporary injunction
order issued to prevent the Brazoria Coun-
ty Appraisal District and Appraisal Review
Board from all proceedings involving the
possible taxation of certain property owned
by Notlef, Inc. for the years 1985 and 1986.

The Brazoria County Appraisal District
contends that the injunction should not
have been granted since (1) the trial court
lacked jurisdiction; (2) an adequate remedy
at law exists for Notlef; and (3) the Tax
Code precludes such an order at this time.
We agree and order the temporary injunc-
tion dissolved.

The dispute involves certain helicopters
now "owned" by Notlef. Prior to 1985, the
helicopters were owned by Houston Heli-
copters whose president, Felton (Notlef

spelled backwards) Baker, owns a controlling interest in Notlef as well as Houston Helicopters. Prior to 1985, the taxable situs for the helicopters had been Brazoria County, and taxes on the helicopters for those years had been assessed and paid in Brazoria County by Houston Helicopters (the 1984 taxes are still in dispute in Brazoria County in unrelated litigation). Although administrative offices and a landing area are now maintained in Calhoun County, the use and general locations of the helicopters remains the same.

In 1984, the helicopters were sold to Notlef and immediately leased back to Houston Helicopters. Notlef then rendered them for the tax rolls in Calhoun County and Calhoun County assessed and collected taxes on the helicopters from Notlef (at an amount suggested to be significantly less than the amount payable, should it be determined that Brazoria County is the proper taxing authority for collection on the helicopter taxes). Several months later, the Brazoria County Appraisal District initiated proceedings to determine whether or not the proper taxable situs was in Calhoun County or Brazoria County. Notlef then brought suit in a Calhoun County district court for a declaratory judgment that Calhoun County is the proper taxable situs and to enjoin the Brazoria County Appraisal District from further proceedings. That court entered its temporary injunction order on April 20th, 1986.

A trial court is clothed with broad discretion in determining whether to grant or to deny a temporary injunction. *Transport Co. v. Robertson Transports,* 152 Tex. 551, 261 S.W.2d 549, 552 (1953); *Ogden v. Coleman,* 660 S.W.2d 578, 582 (Tex.App.—Corpus Christi 1983, no writ).

Our review of the granting or denying of a temporary injunction is limited to a determination of whether there has been a clear abuse of discretion by the trial court in granting or denying the interlocutory or-

der. *State v. Southwestern Bell Telephone Co.,* 526 S.W.2d 526, 528 (Tex.1975); *Swanson v. Grassedonio,* 647 S.W.2d 716, 718 (Tex.App.—Corpus Christi 1982, no writ).[1]

■ In order for a party to secure a temporary injunction, he must plead and prove a probable right to recovery and a probable injury if temporary equitable relief is denied. *Transport Company v. Robertson Transports,* 261 S.W.2d at 551. The applicant need only show a probable right and a probable injury; he is not required to establish that he will finally prevail in the litigation. *Sun Oil Co. v. Whitaker,* 424 S.W.2d 216, 218 (Tex.1968); *Irving Bank & Trust Co. v. Second Land Corp.,* 544 S.W.2d 684, 687 (Tex.Civ.App.—Dallas 1976, writ ref'd n.r.e.).

In its fourth point of error, appellant asserts that the trial court erred, as a matter of law, in granting the temporary injunction because appellee has an adequate remedy at law and also because appellee failed to show any irreparable injury.

■ It is well-settled that injunctive relief will not be granted unless the applicant has shown that irreparable injury will result if such relief is not afforded and that the applicant has no adequate remedy at law for damages which may result pending an outcome of the litigation. *Bank of the Southwest v. Harlingen National Bank,* 662 S.W.2d at 116; *International Harvester Credit Corp. v. Rhoades,* 363 S.W.2d 397, 399 (Tex.Civ.App.—Austin 1962, no writ). The test for determining whether an existing remedy is adequate is whether such remedy is as practical and efficient to the ends of justice and its prompt administration as is equitable relief. *Ballenger,* 694 S.W.2d at 76; *Long v. Castaneda,* 475 S.W.2d 578 (Tex.Civ.App.—Corpus Christi 1971, writ ref'd n.r.e.). For the purposes of injunctive relief, no adequate remedy at

---

1. We note that findings of fact and conclusions of law were not filed within the time period provided by either Tex.R.App.P. 385, or Rule 297. There is no complaint, however, by any party of the late filed findings of fact and con-

clusions of law. Our opinion in this case does not turn on considerations dependent on whether or not the late filed findings are properly before us.

law exists if damages are incapable of calculation or if the defendant is incapable of responding in damages. *Ballenger,* 694 S.W.2d at 76; *Bank of the Southwest v. Harlingen National Bank,* 662 S.W.2d at 116.

■ TEX.TAX CODE ANN. 1.01–211.-301 (Vernon 1982 & Supp.1986) provides an adequate legal remedy for appellee. Section 41.41 allows property owners to seek review of a county appraisal district's determination by appeal to the county appraisal review board. If still not satisfied, the property owner can appeal the board's decision to that county's district court by trial de novo under Sections 42.01 and 42.-21. If the property owner has been subjected to double taxation or other injury, the district court can, at that point, correct the situation and order that the owner receive his proper relief, which could include money damages. We hold that appellee has an adequate remedy at law. *See Public Utility Commission v. Pedernales Electric Cooperative, Inc.,* 678 S.W.2d 214 (Tex.App.—Austin 1984, writ ref'd n.r.e.) (requiring exhaustion of administrative remedies before a court will intervene by temporary injunction).

Moreover, we also hold that appellee has not shown any possible irreparable harm. Any harm suffered by appellee could adequately be redressed by the proper district court, on appeal of appellant's administrative actions.

■ For these same reasons, we also sustain appellant's first and second points of error, which challenge the trial court's jurisdiction to grant injunctive relief. We realize that, prior to enactment of the present Tax Code, Texas law allowed injunctions and temporary injunctions to prohibit illegal, grossly excessive or discriminatory taxing procedures and policies; however, reading the Tax Code as a whole, it is clear that the legislature has mandated that injunctive relief in a tax case such as is sought in the case at bar is no longer permissible.

Section 42.09 provides:

The procedures prescribed by this title for adjudication of the grounds of protest authorized by this title are exclusive, and a property owner may not raise any of those grounds:

\*   \*   \*   \*   \*   \*

(2) as a basis of a claim of relief in a suit by the property owner to arrest or prevent the tax collection process or to obtain a refund of taxes paid.

In the Tax Code, the legislature has provided a comprehensive plan for appeal of taxing authorities' decisions, and has required property owners to follow that plan. Injunctive relief to prevent that scheme from being implemented conflicts with the Tax Code as a whole and section 42.09 in particular. *See Texas Architectural Aggregate, Inc. v. Adams,* 690 S.W.2d 640, 643 (Tex.App.—Austin 1985, no writ). *Accord, Poly-America, Inc. v. Dallas County Appraisal District,* 704 S.W.2d 936 (Tex. App.—Waco 1986, no writ).

■ Even if none of these impediments existed, the court's action was simply premature. The injunction prevents appellant from even deciding whether or not Brazoria County is the helicopters' taxable situs and then deciding whether it should proceed further. The temporary injunction in this case precludes the Brazoria County Appraisal District from following its legislatively mandated procedures before it has even made a final determination. The Tax Code provides administrative remedies and for judicial review of such procedures and decisions after they have become final. The threatened injury cannot be merely "possible." *See Parkem Industrial Services, Inc. v. Garton,* 619 S.W.2d 428, 430 (Tex.Civ.App.—Amarillo 1981, no writ); *Hartwell's Office World, Inc. v. Systex Corp.,* 598 S.W.2d 636, 639 (Tex.Civ.App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.).

The evidence presented failed to show irreparable injury or the absence of an adequate remedy at law. The trial court abused its discretion when it granted the temporary injunction. *See Ballenger,* 694 S.W.2d at 77–78. *Bank of the Southwest,*

662 S.W.2d at 116. The court also lacked jurisdiction to issue the temporary injunction, and, in any event, the order was premature, and the trial court abused its discretion because it unduly precluded appellant from carrying out its statutorily mandated duties. We sustain the first, second, and fourth points of error.

Having addressed the controlling issues, we will not consider appellant's remaining points of error. TEX.R.APP.P. 90.

We REVERSE the order of the trial court and RENDER judgment that the temporary injunction is DISSOLVED.