**IVAN DEMENT, INC., Ivan Dement, Registered Agent, Appellant,**

**v.**

**STRATFORD INDEPENDENT SCHOOL DISTRICT, et al., Appellees.**

No. 07–87–0105–CV.

Court of Appeals of Texas, Amarillo.

Dec. 10, 1987.

Davis, Cunningham & Enns, William A. Cunningham, Dalhart, for appellant.

Perdue, Brandon & Fielder, Kevin Brennen, Amarillo, for appellees.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

BOYD, Justice.

Appellant Ivan Dement, Inc. (Dement) brings this appeal from a summary judgment in favor of appellees Stratford Independent School District, Stratford Hospital District and Sherman County (the Districts) for ad valorem taxes for the year 1985 on Dement's personal property. In four points of error Dement asserts the summary judgment is erroneous because (1) the administrative remedy statute relied upon by the trial court in granting summary judgment is unconstitutional; (2) summary judgment was precluded by the tax situs provisions of the Texas Property Tax Code Annotated (Vernon Supp.1987); (3) the Districts produced no evidence to entitle them to summary judgment; and (4) fact questions were adduced which precluded the entry of summary judgment. We affirm the judgment of the trial court.

Dement contracts to perform road construction projects in various locations. It disputes neither the presence within the Districts on January 1, 1985, of the business personalty taxed, nor the valuation assessed to that property for tax purposes. Rather, Dement denies liability for the taxes on the grounds that the taxable situs of the property in question was in Potter County, Dement's principal place of business and where it paid 1985 taxes, and that it was not the owner of the taxed personalty, but had merely rented it from an equipment company.

Dement asserts that notice of the appraised value of the personalty was sent to Ivan Dement, individually, instead of to the corporate entity. Nevertheless, Dement acknowledges that it did not seek the administrative review prescribed by the Property Tax Code as the initial forum for challenges to tax assessments.

In its first point of error, Dement contends that insofar as the Property Tax Code preconditions judicial review of tax assessments on the exhaustion of the administrative remedies provided therein, it is unconstitutional. In its related second point, Dement argues that to apply the exclusivity of remedies provision in the Tax Code (section 42.09) in this case would violate the provisions of the same code relating to the situs of taxable property (section 21.02).

As germane to Dement's appellate contentions, the Texas Property Tax Code Annotated provides as follows:

... tangible personal property is taxable by a taxing unit if:

(1) it is located in the unit on January 1 for more than a temporary period;

(2) it normally is located in the unit, even though it is outside the ·unit on January 1, if it is outside the unit only temporarily;

(3) it normally is returned to the unit between uses elsewhere and is not located in any one place for more than a temporary period; ....

Tex.Prop.Tax Code Ann. § 21.02 (Vernon Supp.1987).

A property owner is entitled to protest before the appraisal review board the following actions:

\* \* \* \* \* \*

(3) inclusion of his property on the appraisal records;

\* \* \* \* \* \*

(7) determination that he is the owner of property;  or

(8) any other action that applies to the property owner and adversely affects him.

Tex.Prop.Tax Code Ann. § 41.41 (Vernon Supp.1987).

The procedures prescribed for adjudication of the grounds of protest authorized are exclusive, and a property owner may not raise any of those grounds:

(1) in defense to a suit to enforce collection of delinquent taxes;  or

(2) as a basis of a claim for relief in a suit by the property owner to arrest or prevent the tax collection process or to obtain a refund of taxes paid.

Tex.Prop.Tax Code Ann. § 42.09 (Vernon 1982).

▮ Dement argues that the trial court's application of the section 42.09 prohibition against judicial review in this cause would violate article 8 section 1 of the Texas Constitution, which mandates that taxes be "equal and uniform" because, since it paid its taxes in Potter County, to require it to pay the District's taxes would constitute double taxation of the same property, which cannot be "equal and uniform" and would violate due process.  Moreover, says Dement, that application violates the commerce clause of the Federal Constitution, because it works in this instance to permit double taxation of property in interstate commerce.  We cannot agree.

▮ Due process simply affords a right to be heard before final assessment; it does not detail the review mechanism. *Dallas County Appraisal District v. Lal*, 701 S.W.2d 44, 47 (Tex.App.—Dallas 1985, writ ref'd n.r.e.).  The Property Tax Code, by its detailed provisions, including the right of protest, a determination of the protest, and right of appeal thereafter, meets the requirement of due process. *Brooks v. Bachus*, 661 S.W.2d 288, 290 (Tex.App.—Eastland 1983, writ ref'd n.r.e.). *See also Herndon Marine Products v. San Patricio Cty.*, 695 S.W.2d 29, 35 (Tex.App. —Corpus Christi 1985, writ ref'd n.r.e.). Individual taxpayers may attack any tax assessment as long as they follow the proper statutory procedure.  Since the statutory procedures satisfy due process requirements, taxpayers who do not avail themselves of these procedures will be precluded from collaterally attacking property tax assessments. *Brooks v. Bachus*, 661 S.W.2d at 290.  These procedures are required even where the challenges to the assessment involve questions of tax situs and double taxation. *Brazoria County Appraisal v. Notlef, Inc.*, 721 S.W.2d 391 (Tex.App.—Corpus Christi 1986, no writ).

The statutory requirement that the administrative remedies be first exhausted before a judicial challenge to a tax assessment, including a challenge involving the tax situs provisions of the Code, is constitutional.  It naturally follows that we must overrule Dement's first and second points of error.

In its third and fourth points of error, Dement contends that the summary judgment evidence failed to support the judgment, and instead, raised fact questions. Specifically, Dement argues that the only evidence offered to show its liability for the taxes was the Districts' delinquent tax statements, which alone were insufficient under the Property Tax Code to make out a

prima facie case. Moreover, Dement says, the property taxed was not adequately described on the delinquent tax statements. Finally, it urges that, even if the tax statements were sufficient to establish a prima facie case of its liability, the affidavits it filed in opposition to summary judgment rebutted the prima facie case and raised fact issues requiring trial resolution.

The Districts' motion for summary judgment was accompanied by each taxing entity's tax statement and the affidavit of the tax collector thereof that the statements were, respectively, a true and correct copy of the pertinent entry on the delinquent tax roll. The property taxed was described on the tax statements in general categories, namely, one ton and over commercial machinery and equipment, commercial trailers, and commercial storage tanks. Dement's response to the Districts' summary judgment motion included affidavits of Ivan Dement, president of Dement, Inc., together with that of Don King, supervisor of Dement's road construction activities. The affiants asserted that ownership and the tax situs of the property in question were elsewhere.

After hearing, the trial court rendered the summary judgment decreeing Dement's liability to the Districts for 1985 taxes, penalties and interest totalling $25,-327.01, which gave rise to this appeal. The trial court also made findings of fact that the property was located in Sherman County on January 1, 1985, that the taxes were assessed to Dement, that Dement was sent the notice of the assessment, and that Dement failed to protest the assessment before the Districts' appraisal review board. It is well established that such findings have no place in a summary judgment case since a summary judgment is improper if questions requiring factual resolution exist. See Gibbs v. General Motors Corp., 450 S.W.2d 827, 828 (Tex.1970); Fulton v. Duhaime, 525 S.W.2d 62, 64 (Tex.Civ.App.—Houston [1st Dist.] 1975, writ ref'd n.r.e.).

■ However, we note that Dement has not contended on appeal that it was denied notice of the tax assessment or that it did in fact protest the assessment before the appraisal review board pursuant to the statutory requirement. The presumption arises that the statutory notice requirements were complied with. See Dallas County Appraisal District v. Lal, 701 S.W.2d at 48. Absent a contention that it did not receive procedural due process, Dement cannot be heard to complain that the trial court's findings in this regard are unsupported by the evidence.

■ Neither was it incumbent upon the Districts to plead, as a prerequisite to judgment in their suit for delinquent taxes, that Dement had not exhausted its administrative remedies. Tex.Prop.Tax Code Ann. § 33.43 (Vernon 1982). Instead, the exhaustion of administrative remedies was a threshold requirement which Dement had to meet to entitle it to demonstrate the existence of fact issues, in opposition to summary judgment, respecting its contentions of non-ownership and that the property taxed had acquired a tax situs in another jurisdiction. Brown v. City of Dallas, 508 S.W.2d 134, 135 (Tex.Civ.App.—Dallas 1974, no writ).

■ For purposes of establishing a taxing jurisdiction's entitlement to judgment for delinquent taxes it is provided that:

(a) In a suit to collect a delinquent tax, the taxing unit's current tax roll and delinquent tax roll or certified copies of the entries showing the property and the amount of the tax imposed constitute prima facie evidence that each person charged with a duty relating to the imposition of the tax has complied with all requirements of law and that the amount of tax alleged to be delinquent against the property listed is the correct amount.

Tex.Prop.Tax Code Ann. § 33.47(a) (Vernon 1982). In this case, the tax collector attested that the delinquent tax statements included with the Districts' motion for summary judgment were true and correct copies of the entries on the delinquent tax rolls. This was sufficient to constitute prima facie evidence of Dement's liability for the taxes. Houston Crane Rentals, Inc. v. City of Houston, 454 S.W.2d 216, 220 (Tex. Civ.App.—Houston [1st Dist.] 1970, writ

ref'd n.r.e.); Tex.Prop.Tax Code Ann. § 33.47(a) (Vernon 1982). The identification of the business personalty taxed on the tax roll by generic categories, likewise, was sufficient to support the judgment. *See Houston Crane Rentals, Inc. v. City of Houston,* 454 S.W.2d at 220; *Stone v. City of Dallas,* 244 S.W.2d 937, 942 (Tex.Civ. App.—Waco 1951, writ dism'd). The third and fourth points of error are overruled.

Parenthetically, we note that subsequent to the filing of Dement's response to the motion for summary judgment, the Districts attempted to file copies of the pertinent tax rolls with supporting affidavits of the tax collectors. These instruments were untimely filed and were not considered by the trial court in its disposition of the motion. However, these instruments were included in the transcript on appeal. In a motion before this Court, the Districts acknowledge that these documents were untimely filed and were not considered by the trial court. Therefore, they ask that the instruments not be considered by this Court in its disposition of the appeal. That motion is granted and those documents were not considered by us in making our decision.

In summary, all of Dement's points of error are overruled and, there being no reversible error, the judgment of the trial court is affirmed.