**F.E. HURST, Sr., Appellant,**

v.

**GUADALUPE COUNTY APPRAISAL DISTRICT, et al., Appellees.**

No. 04–88–00109–CV.

Court of Appeals of Texas,
San Antonio.

June 22, 1988.

Eric Samuelson, Morgan, for appellant.

Michael G. Mulcahy, Calame, Linebarger & Graham, Austin, for appellees.

Before CADENA, C.J., and REEVES and CHAPA, JJ.

## OPINION

CHAPA, Justice.

This is an appeal by appellant, F.E. Hurst, Sr., from an order dismissing for lack of jurisdiction, his petition for review of appraisal values set by appellees, the Guadalupe County Appraisal District and Guadalupe County Appraisal Review Board.

Appellant availed himself of the TEX.TAX CODE ANN. administrative review provisions by protesting his ad valorem tax appraisal before the appellee Appraisal Review Board unsuccessfully. In violation of TEX.TAX CODE ANN. § 42.21

(Vernon Supp.1988),[1] Appellant filed his petition for judicial review 133 days after receiving the order of the appellee Appraisal Review Board. The trial court dismissed his petition for lack of jurisdiction. Appellant has perfected this appeal. We affirm.

In the only point of error, appellant contends the trial court "erred in dismissing appellant's suit for review of appraised values set by appellees on the basis of section 42.21 of the Texas Property Tax Code."

Although appellant does not directly contend § 42.21 is unconstitutional, he does argue "that section 42.21 conflicts with the requirements in Article VIII, Section 20" of the Texas Constitution.

We immediately note two reasons why we may not pass on the constitutionality of § 42.21 of the Tax Code as indirectly suggested by appellant.

TEX.CIV.PRAC. & REM.CODE ANN. § 37.006 provides:

(a) When declaratory relief is sought, all persons who have or claim any interest that would be affected by the declaration must be made parties....

(b) ... [i]f the statute, ordinance, or franchise is alleged to be unconstitutional, the attorney general of the state must also be served with a copy of the proceeding and is entitled to be heard.

The record in the instant case does not reflect the Attorney General was ever served or participated.

This Court may not pass on the constitutionality of section 42.21 in

[A]n appeal taken by one who has affirmatively availed himself of the administrative-review proceeding upon which they depend and of which they form an integral part, for one may not in the same proceeding rely upon a statute while contending that it is unconstitutional in some important provision. *Becton v. Dublin*, 163 S.W.2d 907 (Tex.Civ.App. 1942, writ ref'd).

---

1. TEX.TAX CODE ANN. § 42.21 requires that a lawsuit for tax review filed against an Appraisal Review Board must be filed no more than 45 days after receipt of the Appraisal Review Board's order.

[I]t is a fundamental rule of constitutional law that a court "will not pass upon the constitutionality of a statute at the instance of one who had availed himself of its benefits." *Ashwander v. Tennessee Valley Authority*, 297 U.S. 288, 56 S.Ct. 466, 80 L.Ed. 688 (1936); *see also Fahey v. Mallonee*, 332 U.S. 245, 67 S.Ct. 1552, 91 L.Ed. 2030 (1947).

*Texas Architectural Aggregate, Inc. v. Adams*, 690 S.W.2d 640, 643-44 (Tex.App.—Austin 1985, no writ).

In the instant case, appellant availed himself of the benefits afforded by the Statute he now complains of in administratively protesting his taxes before the Appraisal District Board. Therefore, we will not pass on the issue of whether § 42.21 is constitutional.

"When a statute creates a right not existing at common law and prescribes a remedy to enforce the right, compliance with the statutory requirements is jurisdictional ... [c]ompliance with § 42.21 [of the Texas Tax Code] is jurisdictional." *Appraisal Review Board v. International Church of the Foursquare Gospel*, 719 S.W.2d 160 (Tex.1986) (per curiam). Therefore, since appellant failed to comply with the requirement of Section 42.21, the trial court correctly dismissed the suit for lack of jurisdiction. The point of error is overruled.

The judgment is affirmed.

REEVES, J., concurs in result.

CADENA, Chief Justice, concurring.

I would affirm the judgment solely on the ground of failure to serve the Attorney General of Texas. *Burke v. Hutcheson*, 537 S.W.2d 312 (Tex.Civ.App.—Eastland 1976, writ ref'd n.r.e.).