**GENERAL ELECTRIC CREDIT CORPORATION, Appellant,**

v.

**MIDLAND CENTRAL APPRAISAL DISTRICT and Appraisal Review Board of Midland Central Appraisal District, Freestone County Appraisal District and Appraisal Review Board of Freestone County, Midland County, and Freestone County, Appellees.**

No. 08–90–00164–CV.

Court of Appeals of Texas, El Paso.

March 27, 1991.

Rehearing Overruled April 24, 1991.

Smilie Watkins, Dallas, for appellant.

Jim Mattox, Atty. Gen., Bill Kimbrough, Asst. Atty. Gen., Austin, Robert A. Mott, Perdue, Brandon & Fielder, Houston, Roy L. Armstrong, McCreary, Veselka, Beck & Allen, P.C., Austin, Mark H. Dettman, County Atty., Midland, for appellees.

Before OSBORN, C.J., and WOODARD and KOEHLER, JJ.

## OPINION

KOEHLER, Justice.

This is an appeal from a summary judgment granted in favor of Midland Central Appraisal District and Midland County on their counterclaim for delinquent ad valorem taxes, penalties, interest and attorney's fees against General Electric Credit Corporation on its Lear Jet aircraft, and in favor of all Appellees denying double taxation relief to General Electric Credit Corporation on its petition, for the reason that it had failed to exhaust administrative remedies under the Texas Property Tax Code prior to filing its suit. We affirm.

The Appellant, General Electric Credit Corporation (now known as General Electric Capital Corporation ("GECC"), is the owner of the Lear Jet aircraft in question. At all times relevant, the aircraft was leased to I. David Porras of Midland, Texas, for use in connection with his business, Pyramid Land & Cattle Company. Hangar space for the aircraft was rented in Midland County and an airstrip and hangar were built for the aircraft on the property of Pyramid in Freestone County.

With the exception of 1984, both Midland and Freestone Counties taxed the aircraft for the years 1983 through 1986. GECC filed no formal protest with either county for those years. In 1987, GECC rendered the aircraft in Freestone County only and after being assessed by both counties, again filed no formal protest in either county but filed suit in early 1988 against both the Midland County and Freestone County taxing authorities seeking a judicial determination of the legal situs of the aircraft for taxation purposes, tendering into court an amount sufficient to cover only the Freestone County taxes on the aircraft. Midland Central Appraisal District counterclaimed and Midland County intervened for delinquent 1987 taxes allegedly owed by GECC on the aircraft. All parties moved for summary judgment. The trial court granted the Motions for Summary Judgment filed by Midland and Freestone Counties and their respective taxing authorities and denied GECC's Motion for Summary Judgment, on the grounds that GECC hav-

ing failed to exhaust administrative remedies under the Texas Property Tax Code, the court had no subject matter jurisdiction to determine the question of situs of the aircraft.

■ In reviewing a summary judgment appeal, the general rule established by the Supreme Court is that this Court must determine whether the successful movant in the trial court carried its burden of showing that there is no genuine issue of a material fact and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Company, Inc.,* 690 S.W.2d 546, 548 (Tex.1985). In this case, the parties agree on the facts but disagree on the law.

■ In its first, second and fourth of eight points of error, GECC asserts that, as applied to it under the facts of the case, the administrative procedures of the Tax Code are unconstitutional because they: (Point of Error No. One) violate due process requirements of the United States and Texas Constitutions by denying GECC the right to challenge in one forum the conflicting tax claims of separate counties, (Point of Error No. Two) do not satisfy the open courts requirements of Article I, § 13 of the Texas Constitution, and (Point of Error No. Four) are contrary to the requirements of Article VIII, §§ 1 and 11 of the Texas Constitution by the court in effect holding that the property is situated in two separate counties, thus permitting its double taxation.

Chapter 41 of the Texas Tax Code sets forth the rights of, and the procedures to be followed by, a taxpayer who wishes to challenge by protest the inclusion of his property on the appraisal records because of a lack of taxable situs (§ 41.42) or an unequal appraisal (§ 41.43) to a county appraisal review board. Various provisions relate to the giving of notice, the conduct of the hearing and the determination of the protest. Chapter 42 of the Code then provides for a right of appeal by the dissatisfied taxpayer or taxing unit through judicial review de novo of the appraisal review board's determination. Section 42.09 states that the procedures prescribed by the Tax Code for adjudication of the grounds of protest are exclusive and the property owner is denied the right to use any of the grounds of protest as a basis of a claim for relief in a suit to arrest or prevent the tax collection process or to obtain a tax refund.

GECC admittedly did not utilize the Tax Code administrative procedures in an effort to obtain relief but resorted to a direct suit to obtain a determination of situs and thus to avoid double taxation "[s]ince neither the statutes nor the administrative procedures outlined a process to finally determine the situs of the aircraft...." Although it acknowledges the rule that a property owner must ordinarily first exhaust its administrative remedies before seeking judicial review, GECC argues that the Tax Code is unconstitutional as applied to its fact situation since GECC would be required to seek administrative relief in both counties at or about the same time with no certainty of avoiding double taxation of its aircraft and by failing to provide a single forum in which a situs dispute between competing jurisdictions can be resolved, the Code is deficient in meeting due process requirements. We disagree with that argument.

GECC cites no cases in support of its argument. Due process under the United States Constitution does not require that a single forum be made available to resolve the possibility of being taxed on the same property by two different states. *Cory v. White,* 457 U.S. 85, 102 S.Ct. 2325, 72 L.Ed.2d 694 (1982); *Worchester County Trust Company v. Riley,* 302 U.S. 292, 58 S.Ct. 185, 82 L.Ed. 268 (1937).

The question of the constitutionality of the present Texas Tax Code, since its effective date on January 1, 1982, has been considered by several Texas courts. Without exception, the courts have found that the procedures set forth in the Code for judicial review of administrative determinations meet the due process requirements of the United States and Texas Constitutions. *Ivan Dement, Inc. v. Stratford Independent School District,* 742 S.W.2d 820 (Tex. App.—Amarillo 1987, no writ); *Herndon*

*Marine Products, Inc. v. San Patricio County Appraisal Review Board,* 695 S.W.2d 29 (Tex.App.—Corpus Christi 1985, writ ref'd n.r.e.); *Brooks v. Bachus,* 661 S.W.2d 288 (Tex.App.—Eastland 1983, writ ref'd n.r.e.). In *Dement,* a case with facts and issues similar to the ones in this case, the court at page 822 said:

Due process simply affords a right to be heard before final assessment; it does not detail the review mechanism. *Dallas County Appraisal District v. Lal,* 701 S.W.2d 44, 47 (Tex.App.—Dallas 1985, writ ref'd n.r.e.). The Property Tax Code, by its detailed provisions, including the right of protest, a determination of the protest, and right of appeal thereafter, meets the requirement of due process. *Brooks v. Bachus,* 661 S.W.2d 288, 290 (Tex.App.—Eastland 1983, writ ref'd n.r.e.). *See also Herndon Marine Products v. San Patricio Cty.,* 695 S.W.2d 29, 35 (Tex.App.—Corpus Christi 1985, writ ref'd n.r.e.). Individual taxpayers may attack any tax assessment as long as they follow the proper statutory procedure. Since the statutory procedures satisfy due process requirements, taxpayers who do not avail themselves of these procedures will be precluded from collaterally attacking property tax assessments. *Brooks v. Bachus,* 661 S.W.2d at 290. These procedures are required even where the challenges to the assessment involve questions of tax situs and double taxation. *Brazoria County Appraisal v. Notlef, Inc.,* 721 S.W.2d 391 (Tex.App.—Corpus Christi 1986, no writ).

The statutory requirement that the administrative remedies be first exhausted before a judicial challenge to a tax assessment, including a challenge involving the tax situs provisions of the Code, is constitutional. . . .

We conclude that GECC's denial of due process arguments are without merit. The Tax Code provides not only for administrative procedures and remedies but also affords the aggrieved taxpayer a means of judicial review and determination of such questions as situs and double taxation, not only in the district court de novo but

through the appellate process. Although the procedures set forth in the Tax Code may burden the taxpayer by having to resolve the issue initially in multiple forums, the Code does provide that a protest involving taxable situs is to be determined in favor of the taxpayer if he establishes that the property is subject to appraisal by another district, in which event the chief appraiser of the district in which the taxpayer prevails is required to notify the appraisal office in the district in which situs has been established of that fact. Tex.Tax Code Ann. § 41.42 (Vernon Supp.1991). Point of Error No. One is overruled.

■ GECC also asserts that the decision by the court that it lacked subject matter jurisdiction because GECC had failed to exhaust the administrative remedies in the Tax Code violates the "open courts" requirements of Article I, § 13 of the Texas Constitution. It contends that its right to bring a common law cause of action in a single court for determination of the taxable situs of its property has been unconstitutionally restricted by the § 42.22 of the Tax Code which places venue for judicial review of an appraisal review board order in the county of that board, thus making it impossible for one court to determine the proper situs. GECC admits that Texas courts have consistently held that unless a taxpayer has strictly followed the administrative procedures of the Tax Code, it is prohibited by § 42.09 from seeking judicial review of a determination or order of the appraisal review board, citing *Dallas County Appraisal District v. Lal,* 701 S.W.2d 44 (Tex.App.—Dallas 1985, writ ref'd n.r.e.); *Herndon Marine Products, Inc. v. San Patricio County Appraisal Review Board,* 695 S.W.2d 29 (Tex.App.—Corpus Christi 1985, writ ref'd n.r.e.), and other cases in support thereof. By substituting a code containing comprehensive procedures for administrative hearing and judicial review, including the requirement that a taxpayer first exhaust his administrative remedies before seeking judicial review, for certain common law causes of action does not amount to an unreasonable denial of access to the courts under *Sax v.*

*Votteler,* 648 S.W.2d 661 (Tex.1983). Although the common law causes of action have been supplanted by the Code, the right to redress through the courts has not been abrogated. Point of Error No. Two is overruled.

■ GECC next contends that the trial court by its holding that it lacked subject matter jurisdiction, is in effect permitting double taxation of the aircraft by two different counties in contravention of the Texas constitutional requirements that taxation must be equal and uniform under Article VIII, § 1, and that property is to be taxed only in the county where situated under Article VIII, § 11. As has been made clear, it was not the action or lack of action by the taxing authorities or the courts that resulted in the double taxation of the aircraft, but the lack of appropriate action by GECC that has caused its problems. Point of Error No. Four is overruled.

The problem with GECC's position on the constitutionality of the Tax Code under each of the three points of error considered above is that it makes a number of assumptions based on hypothetical fact situations in order to come to its conclusion that the Tax Code is defective. It is really arguing that if it is forced to follow the statutory procedures and submit the determination of situs of the aircraft to the tax authorities and the appraisal review boards of the two counties, which it assumes will be against it, there is no certainty that the reviewing district courts will reach a proper decision on the situs question, and following the argument to its natural conclusion, no certainty that either the courts of appeals or the Supreme Court will reach a constitutionally sound result.

■ It also argues that it would be precluded from raising the constitutional question in the courts by having followed the required Tax Code procedures, citing *Hurst v. Guadalupe County Appraisal District,* 752 S.W.2d 231 (Tex.App.—San Antonio 1988, no writ); *Texas Architectural Aggregate, Inc. v. Adams,* 690 S.W.2d 640 (Tex. App.—Austin 1985, no writ); and *Becton v. Dublin,* 163 S.W.2d 907 (Tex.Civ.App.—El Paso 1942, writ ref'd w.o.m.). Although it not necessary to the results expressed in this opinion, we have serious reservations as to whether *Hurst* and *Adams* properly interpreted *Becton* if those courts meant to say that a taxpayer merely by following the required administrative procedures in order to obtain judicial review was foreclosed from raising the constitutionality of the Tax Code. We do not construe "following the required administrative procedures" as being equivalent to "availing oneself of the benefits of the statute." *Becton* and the United States Supreme Court cases cited in *Becton, Hurst* and *Adams* refer to "benefits" in a dictionary definition sense of "something that enhances well-being," not in some broad sense of following a required statutory procedure.

In its third point of error, GECC asserts that the trial court erred by holding that it lacked subject matter jurisdiction to determine the situs claims. Failure of a taxpayer to comply with the procedures for review set forth in the Tax Code deprives the trial court of subject matter jurisdiction. *Adams v. Kendall County Appraisal District,* 724 S.W.2d 871 (Tex.App.—San Antonio 1986, no writ); *Valero Transmission Company v. Hays Consolidated Independent School District,* 704 S.W.2d 857 (Tex. App.—Austin 1985, writ ref'd n.r.e.); *Poly–America, Inc. v. Dallas County Appraisal District,* 704 S.W.2d 936 (Tex.App.—Waco 1986, no writ). Point of Error No. Three is overruled.

GECC's remaining points of error, numbers five through eight, being dependent upon a holding that the exhaustion of administrative procedures and remedies requirement of the Tax Code is unconstitutional or at least not a bar to a suit asserting common law causes of action, cannot be considered since the remedies prescribed by the Tax Code are exclusive and a taxpayer is prohibited from raising any of the grounds of protest set forth in § 41.41 or elsewhere in the Code in defense of a delinquent tax suit or as a basis of a claim for relief in a taxpayer's suit to arrest or prevent the tax collection process. Tex.Tax Code Ann. § 42.09 (Vernon Supp.1991).

*Robstown Independent School District v. Anderson,* 706 S.W.2d 952 (Tex.1986). Points of Error Nos. Five, Six, Seven and Eight are accordingly overruled.

Two of the five Appellees, Freestone County and Midland Central Appraisal District and Midland County Appraisal Review Board, have specifically requested damage relief under Tex.R.App.P. 84. Rule 84 permits a court of appeals which concludes that an appeal has been taken for delay and without sufficient cause to impose money damages in favor of each of the prevailing appellees against the appellant in an amount not to exceed ten times the total taxable costs. After careful consideration, we have concluded that Appellees are correct in asserting that "GECC's claims in this action are so groundless, contradictory and violative of established precedents that those claims must have been brought without sufficient cause and for purposes of delay." In this case, Texas case law is well settled that there is no constitutional violation of a taxpayer's due process guarantee where a taxpayer is required first to seek redress through administrative procedures before resorting to the judicial system. *Ivan Dement,* 742 S.W.2d at 822; *Notlef,* 721 S.W.2d at 393; *Lal,* 701 S.W.2d at 47. "The rights, procedure and remedies set forth in [the Tax Code] § 42.21 are exclusive and supplant and supersede a property owner's common law rights and remedies." *Poly–America, Inc. v. Dallas County Appraisal District,* 704 S.W.2d 936, 937 (Tex.App.—Waco 1986, no writ), citing *Texas Architectural Aggregate, Inc. v. Adams,* 690 S.W.2d 640, 643 (Tex.App.—Austin 1985, no writ). GECC's contention that the Open Courts Doctrine should apply is, therefore, also without merit since the issue of property tax is no longer governed by common law. Finally, subject matter jurisdiction will not vest in the trial court to hear the merits of a suit where an appellant has not followed and exhausted the administrative remedies afforded him. *Adams v. Kendall County Appraisal District,* 724 S.W.2d 871, 875 (Tex.App.—San Antonio 1986, no writ), see also *Lal,* 701 S.W.2d 44. GECC, in seeking a judicial determination of legal situs, has merely sought an advisory opinion of the court based upon unwarranted assumptions and hypothetical situations. Texas courts are not permitted to render advisory opinions. *City of Garland v. Louton,* 691 S.W.2d 603, 605 (Tex.1985).

It is clear from the record that GECC purposely chose not to follow the administrative procedures specifically provided for its benefit in the Tax Code. Rather, GECC decided to short circuit the system by seeking a court determination, in what would amount to an advisory opinion, of the situs of its aircraft. Although the administrative procedures may appear to be more time consuming and might possibly result in conflicting claims, GECC did not avail itself of the process in order to determine whether its property would be double taxed. GECC knew from the outset that the administrative procedures were requisite to advancing to the district court. GECC also, upon investigation of case law, would have been aware of the settled issue of constitutionality of the administrative procedures, as well as the demise of common law remedies as applied to property tax protests. Here the record shows that at the time of perfecting appeal, GECC could have had no reasonable expectation that the trial court judgment would be reversed and, therefore, the appellate court may impose an award of damages. *Rosenthal v. National Terrazzo Tile & Marble, Inc.,* 742 S.W.2d 55, 57 (Tex.App.—Houston [14th Dist.] 1987, no writ). "Spurious litigation, unnecessarily burdening parties and courts alike, should not go unsanctioned." *Dolenz v. A___, B___,* 742 S.W.2d 82, 86 (Tex.App.—Dallas 1987, writ denied).

It is our determination that GECC brought this appeal for purposes of delay and without sufficient cause and accordingly assess damages in favor of each of the Appellees against GECC in amounts equal to ten times the total taxable costs.

Judgment of the trial court is affirmed and damages are assessed against GECC in accordance with the foregoing.