**Mary Anne HOOD, Trustee, Appellant,**

v.

**HAYS COUNTY and San Marcos Consolidated Independent School District, Appellees.**

**No. 3–91–548–CV.**

Court of Appeals of Texas, Austin.

Aug. 12, 1992.

---

Eric Samuelson, Austin, for appellant.

Mark Matson, Parmer Archer Steen & Young, Austin, for Hays County.

Peter William Low, Calame Linebarger Graham & Pena, Austin, for San Marcos Consolidated Independent School Dist.

Before CARROLL, C.J., and ABOUSSIE and B.A. SMITH, JJ.

PER CURIAM.

Appellant Mary Anne Hood, Trustee, appeals from a judgment to foreclose the lien securing payment for taxes owed appellees Hays County and the San Marcos Consolidated Independent School District. We will affirm the judgment.

In 1989, the County filed suit against Hood and others to recover property taxes due the County for the years 1987 and 1988 and to foreclose the lien securing payment of the taxes. Tex.Tax Code Ann. § 33.-41(a) (1982). The District intervened in the proceeding. After a bench trial, the district court rendered judgment that the amount of taxes, penalties, interest, and attorney's fees owed for the years 1987 and 1988 was $40,276.67. The court then ordered foreclosure of the lien securing payment of the taxes. Only Hood has appealed from the judgment.

In one point of error, Hood complains that the district court erred in not allowing her to present evidence of the property's fair market value during 1987 and 1988. *See* Tex.Const. art. VIII, § 20 (no property shall ever be assessed at more than fair cash market value); *see generally* Tax Code § 23.01 (1982 & Supp.1992); *Valero Transmission Co. v. Hays Consol. Indep. Sch. Dist.,* 704 S.W.2d 857, 859 (Tex.App. 1985, writ ref'd n.r.e.); Mark G. Yudof, *The Property Tax in Texas under State and Federal Law,* 51 Tex.L.Rev. 885, 896–98 (1973).[1]

■ To show error in the exclusion of evidence, a party must show that a substantial right is affected and that the substance of the evidence was made known to the court by offer. Tex.R.Civ.Evid.Ann. 103(a) (Pamph.1992); Tex.R.App.P.Ann. 52(b) (Pamph.1992). The initial question is whether Hood properly preserved her com-

---

1. Pursuant to Tex.Tax Code Ann. § 23.01(a) (1982), taxable property is appraised at its market value as of January 1. Section 41.412 provides for persons who acquired property after January 1 or a person who became an owner during the pendency of a protest proceeding. Tax Code § 41.412 (Supp.1992).

plaint for review. *Greenstein, Logan & Co. v. Burgess Mktg., Inc.*, 744 S.W.2d 170, 178 (Tex.App.1987, writ denied). Hood offered testimony as to the value of the property in 1987 and 1988. Appellees objected; the trial court sustained the objections. The substance of the testimony is evident from the statement of facts. Hood, therefore, has preserved her complaint on the exclusion of evidence for review. *Clone Component Distribs. v. State*, 819 S.W.2d 593, 596–97 (Tex.App. 1991, no writ); *Greenstein, Logan & Co.*, 744 S.W.2d at 178.

■ The Tax Code provides a property owner with the right to protest and enumerates what actions of an appraisal review board an owner may protest, including the determination of the appraised value of the property. Tax Code § 41.41(a) (Supp.1992); *General Elec. Credit Corp. v. Midland Cent. Appraisal Dist.*, 808 S.W.2d 169, 171 (Tex.App.), *rev'd in part on other grounds*, 826 S.W.2d 124 (Tex. 1991). The decision of the appraisal review board on the protest is reviewable in a suit for judicial review in district court. Tax Code § 42.01(1) (Supp.1992); *Valero Transmission Co. v. San Marcos Consol. Indep. Sch. Dist.*, 770 S.W.2d 648, 651 (Tex.App. 1989, writ denied); *Hays Consol. Indep. Sch. Dist.*, 704 S.W.2d at 862; *Brooks v. Bachus*, 661 S.W.2d 288, 289–90 (Tex.App. 1983, writ ref'd n.r.e.). The Tax Code provides further that its remedies are exclusive:

> Except as provided in Subsection (b) of this section, procedures prescribed by this title for adjudication of the grounds of protest authorized by this title are exclusive, and a property owner may not raise any of those grounds:
>
> (1) in defense to a suit to enforce collection of delinquent taxes.

**2.** Tax Code § 42.09(b) (Supp.1992) does permit a party to plead nonownership of the property as a defense in a suit to enforce personal liability for the tax. At the hearing, appellees waived their claims of personal liability against Hood.

**3.** The doctrine of exhaustion of remedies directs that when the legislature has provided administrative remedies for action of an agency that

Tax Code § 42.09(a) (Supp.1992); *General Elec. Credit Corp.*, 808 S.W.2d at 171; *Hays Consol. Indep. Sch. Dist.*, 704 S.W.2d at 861–62; *see Robstown Indep. Sch. Dist. v. Anderson*, 706 S.W.2d 952 (Tex.1986).[2]

■ Hood did not own the property during the 1987 and 1988 tax years; the owner at that time did not protest the assessment for those years. Hood contends that, because she did not own the property in 1987 and 1988, she had no administrative remedies to exhaust[3] and may now challenge the property valuation in district court. Accordingly, that court erred in excluding evidence on the value of the property in 1987 and 1988.

■ Hood relies solely on art. VIII, § 20 of the Texas constitution to support her argument. The Tax Code procedures provide taxpayers a legal remedy for improper property tax assessments. *Herndon Marine Prods. v. San Patricio Appraisal Review Bd.*, 695 S.W.2d 29, 35 (Tex.App.1985, writ ref'd n.r.e.); *see General Elec. Credit Corp.*, 808 S.W.2d at 171–72; *Ivan Dement, Inc. v. Stratford Indep. Sch. Dist.*, 742 S.W.2d 820, 822 (Tex.App.1987, no writ); *Dallas County Appraisal Dist. v. Lal*, 701 S.W.2d 44, 47 (Tex.App.1985, writ ref'd n.r.e.) (Tax Code satisfies due-process requirements of Texas constitution).

Adequate procedures exist by which the one who owned the property during 1987 and 1988 may have protested a valuation in derogation of art. VIII, § 20. In effect, Hood's position is no different from that of a property owner who chose not to follow Tax Code procedures but later decides to attack collaterally a determination of an appraisal review board. *See* Tax Code § 41.412(b) (Supp.1992) (new owner may proceed with protest previous owner initiated). Such a collateral attack is impermissible. *Robstown Indep. Sch. Dist.*, 706 S.W.2d at 952–53. Accordingly, we con-

aggrieves a person, the person must first exhaust those remedies before raising the claims in court. *Texas State Bd. of Examiners in Optometry v. Carp*, 162 Tex. 1, 343 S.W.2d 242, 246–47 (1961); *Dallas County Appraisal Dist. v. Lal*, 701 S.W.2d 44, 46 (Tex.App.1985, writ ref'd n.r.e.).

clude that Hood may not question the valuation simply because she did not own the property at the time. *See Hays Consol. Indep. Sch. Dist.*, 704 S.W.2d at 859 n. 1 (Tax Code accommodates competing interests of taxpayer's right of action to vindicate constitutional rights and orderly collection of revenue). The district court did not err in excluding evidence of property valuation. *See* Tex.R.Civ.Evid.Ann. 103(a) (Pamph.1992). We overrule the point of error.

The judgment of the district court is affirmed.