IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-548-CV





MARY ANNE HOOD, TRUSTEE,



 APPELLANT


vs.





HAYS COUNTY AND SAN MARCOS CONSOLIDATED INDEPENDENT


SCHOOL DISTRICT,




 APPELLEES


 




FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT



NO. 3834, HONORABLE CHARLES R. RAMSAY, JUDGE



 





PER CURIAM



 Appellant Mary Anne Hood, Trustee, appeals from a judgment to foreclose the lien
securing payment for taxes owed appellees Hays County and the San Marcos Consolidated
Independent School District. We will affirm the judgment.

 In 1989, the County filed suit against Hood and others to recover property taxes
due the County for the years 1987 and 1988 and to foreclose the lien securing payment of the
taxes. Tex. Tax Code Ann. § 33.41(a) (1982). The District intervened in the proceeding. After
a bench trial, the district court rendered judgment that the amount of taxes, penalties, interest, and
attorney's fees owed for the years 1987 and 1988 was $40,276.67. The court then ordered
foreclosure of the lien securing payment of the taxes. Only Hood has appealed from the
judgment.

 In one point of error, Hood complains that the district court erred in not allowing
her to present evidence of the property's fair market value during 1987 and 1988. See Tex.
Const. art. VIII, § 20 (no property shall ever be assessed at more than fair cash market value);
see generally Tax Code § 23.01 (1982 & Supp. 1992); Valero Transmission Co. v. Hays Consol.
Indep. Sch. Dist., 704 S.W.2d 857, 859 (Tex. App. 1985, writ ref'd n.r.e.); Mark G. Yudof, The
Property Tax in Texas under State and Federal Law, 51 Tex. L. Rev. 885, 896-98 (1973). (1) 

 To show error in the exclusion of evidence, a party must show that a substantial
right is affected and that the substance of the evidence was made known to the court by offer. 
Tex. R. Civ. Evid. Ann. 103(a) (Pamph. 1992); Tex. R. App. P. Ann. 52(b) (Pamph. 1992). The
initial question is whether Hood properly preserved her complaint for review. Greenstein, Logan
& Co. v. Burgess Mktg., Inc., 744 S.W.2d 170, 178 (Tex. App. 1987, writ denied). Hood
offered testimony as to the value of the property in 1987 and 1988. Appellees objected; the trial
court sustained the objections. The substance of the testimony is evident from the statement of
facts. Hood, therefore, has preserved her complaint on the exclusion of evidence for review. 
Clone Component Distribs. v. State, 819 S.W.2d 593, 596-97 (Tex. App. 1991, no writ);
Greenstein, Logan & Co., 744 S.W.2d at 178.

 The Tax Code provides a property owner with the right to protest and enumerates
what actions of an appraisal review board an owner may protest, including the determination of
the appraised value of the property. Tax Code § 41.41(a) (Supp. 1992); General Elec. Credit
Corp. v. Midland Cent. Appraisal Dist., 808 S.W.2d 169, 171 (Tex. App.), rev'd in part on other
grounds, 826 S.W.2d 124 (Tex. 1991). The decision of the appraisal review board on the protest
is reviewable in a suit for judicial review in district court. Tax Code § 42.01(1) (Supp. 1992);
Valero Transmission Co. v. San Marcos Consol. Indep. Sch. Dist., 770 S.W.2d 648, 651 (Tex.
App. 1989, writ denied); Hays Consol. Indep. Sch. Dist., 704 S.W.2d at 862; Brooks v. Bachus,
661 S.W.2d 288, 289-90 (Tex. App. 1983, writ ref'd n.r.e.). The Tax Code provides further that
its remedies are exclusive:



Except as provided in Subsection (b) of this section, procedures prescribed by this
title for adjudication of the grounds of protest authorized by this title are exclusive,
and a property owner may not raise any of those grounds:


 (1) in defense to a suit to enforce collection of delinquent taxes.



Tax Code § 42.09(a) (Supp. 1992); General Elec. Credit Corp., 808 S.W.2d at 171; Hays Consol.
Indep. Sch. Dist., 704 S.W.2d at 861-62; see Robstown Indep. Sch. Dist. v. Anderson, 706
S.W.2d 952 (Tex. 1986). (2)

 Hood did not own the property during the 1987 and 1988 tax years; the owner at
that time did not protest the assessment for those years. Hood contends that, because she did not
own the property in 1987 and 1988, she had no administrative remedies to exhaust (3) and may now
challenge the property valuation in district court. Accordingly, that court erred in excluding
evidence on the value of the property in 1987 and 1988.

 Hood relies solely on art. VIII, § 20 of the Texas constitution to support her
argument. The Tax Code procedures provide taxpayers a legal remedy for improper property tax
assessments. Herndon Marine Prods. v. San Patricio Appraisal Review Bd., 695 S.W.2d 29, 35
(Tex. App. 1985, writ ref'd n.r.e.); see General Elec. Credit Corp., 808 S.W.2d at 171-72; Ivan
Dement, Inc. v. Stratford Indep. Sch. Dist., 742 S.W.2d 820, 822 (Tex. App. 1987, no writ);
Dallas County Appraisal Dist. v. Lal, 701 S.W.2d 44, 47 (Tex. App. 1985, writ ref'd n.r.e.) (Tax
Code satisfies due-process requirements of Texas constitution).

 Adequate procedures exist by which the one who owned the property during 1987
and 1988 may have protested a valuation in derogation of art. VIII, § 20. In effect, Hood's
position is no different from that of a property owner who chose not to follow Tax Code
procedures but later decides to attack collaterally a determination of an appraisal review board. 
See Tax Code § 41.412(b) (Supp. 1992) (new owner may proceed with protest previous owner
initiated). Such a collateral attack is impermissible. Robstown Indep. Sch. Dist., 706 S.W.2d at
952-53. Accordingly, we conclude that Hood may not question the valuation simply because she
did not own the property at the time. See Hays Consol. Indep. Sch. Dist., 704 S.W.2d at 859 n.1
(Tax Code accommodates competing interests of taxpayer's right of action to vindicate
constitutional rights and orderly collection of revenue). The district court did not err in excluding
evidence of property valuation. See Tex. R. Civ. Evid. Ann. 103(a) (Pamph. 1992). We overrule
the point of error.

 The judgment of the district court is affirmed.


[Before Chief Justice Carroll, Justices Aboussie and B. A. Smith]

Affirmed

Filed: August 12, 1992

[Publish]

1. Pursuant to Tex. Tax Code Ann. § 23.01(a) (1982), taxable property is appraised at its
market value as of January 1. Section 41.412 provides for persons who acquired property
after January 1 or a person who became an owner during the pendency of a protest
proceeding. Tax Code § 41.412 (Supp. 1992).
2. Tax Code § 42.09(b) (Supp. 1992) does permit a party to plead nonownership of the
property as a defense in a suit to enforce personal liability for the tax. At the hearing,
appellees waived their claims of personal liability against Hood.
3. The doctrine of exhaustion of remedies directs that when the legislature has provided
administrative remedies for action of an agency that aggrieves a person, the person must first
exhaust those remedies before raising the claims in court. Texas State Bd. of Examiners in
Optometry v. Carp, 343 S.W.2d 242, 246-47 (Tex. 1961); Dallas County Appraisal Dist. v. Lal,
701 S.W.2d 44, 46 (Tex. App. 1985, writ ref'd n.r.e.).